# Robert G. Anderson, guardian of William P. Anderson, a minor, plaintiff in error, *vs.* James Cameron, Henry M. Vance and Robert Ralston, impleaded with, and survivors of James Anderson, deceased, defendants in error.

### *Error to Desmoines.*

The statute which allows guardians the right to demand, sue for and recover all moneys belonging to their wards, from executors and administrators, as soon as the same may be collected, does not authorize them to institute suit in their own names upon administrators' bonds, for a failure to perform the orders of a probate judge.

This was an action of debt, brought by the plaintiff against the defendants in error, upon an administrators' bond. The declaration set out the bond and an order of the probate court, that the administrator should distribute the moneys in his hands belonging to the estate of said James Anderson, deceased, or their legal representatives, and amongst other things, that said James Anderson should pay out of said moneys to said William, a minor, one of the legal heirs of said James Anderson, Sr., deceased, the sum of $247,00. Assignment of breach, &c. To the declaration the defendants demurred, which demurrer was sustained by the court, and the suit dismissed at the plaintiff's costs.

The plaintiff sued out his writ of error from this court.

GRIMES & STARR, for plaintiff in error.

RORER, for defendants.

BY THE COURT.—The bond which is the foundation of the action in this case, was an administration bond, given by James Anderson, Jr., as principal, and the defendants as securities, the said James Anderson, Jr., having been appointed administrator of the estate of James Anderson, Sr. The bond was given under the statute of Michigan, which at the date of the bond was in force in the territory of Wisconsin, and is dated in May, 1838. (See Revised Statutes of Michigan, 1833, page 310.) The bond is in strict conformity with that statute. The statute of Michigan entitled, " An act for regulating the proceedings on probate bonds in the courts of common law, and directing their form in the

Supreme Court," section 1, sets forth " that when it shall satisfactorily appear, upon a hearing of an administration bond, for whose particular use and benefit the money, for which execution issues, is to enure, the judgment shall be rendered, that the plaintiff in his said capacity (naming him) now have execution for ————, being part of the penalty forfeited, and costs taxed, at ———— the county of S. (addition) a creditor or heir of E. F., deceased, (as the case may be,) and the person to whose use judgment shall be rendered, in the name of the judge of probate as aforesaid, may sue out execution, &c." The 2d section sets forth what is necessary to be done when the suit is brought against the administrator for the benefit of the heir. If this statute be operative, the suit should be brought in the name of the judge of probate (the payee in the bond) for the use of the person claiming the money from the administrator. The legislature of Iowa enacted a law upon the subject of administration upon the estate of intestates, which was approved, Jan. 25, 1839, and took effect the first of May following. This latter act repealed all laws coming within the perview of it, but did not contain any thing in it contrary to the Michigan statute, which required the suit to be brought in the name of the payee in the bond, for the use of the person interested. The Michigan statute was not therefore effected by it. On the 30th of July, 1840, a law was enacted by the legislature of Iowa, repealing all laws of the territories of Michigan and Wisconsin, which were in force in the territory of Iowa on the 4th of July, A. D., 1838. The latter act contains several provisions, among which are the following :

" Section 4. The repeal of any statutory provision shall not effect any act done, or right accrued or established, or any proceedings, suit or prosecution had or commenced previous to the time when such repeal shall take effect, but every such right, act and proceeding shall remain as valid and effectual as if the provision so repealed had remained in full force."

On the 25th of January, 1839, the legislature, by an act entitled, " An act concerning minors, orphans and guardians," section nine enacts that " guardians shall have power to demand, sue for and recover all moneys belonging to their wards, from executors and administrators, as soon as the same may be collected, or of any other person in whose hands or possession the same may be, &c." This is the statute relied upon by the plaintiff in error, as authority for bringing this suit in its present shape. The following questions are presented in this case : first, whether the act last referred to is to be construed as authorizing the

guardians to sue without using the name of the payee in the bond; secondly, whether the legislature could rightfully pass such a law.

We have no doubt of the power of the legislature to pass a law of this character wherever their intention to do so is clear and explicit. But such is not the case in the present instance. The statute cited by the plaintiff in error, as having such an effect, merely gives guardians the right to demand, sue for and recover all monies belonging to their wards, from executors and administrators, as soon as the same may be collected. Now this is not strictly a suit brought to recover monies collected by the administrator, for there is no allegation that any such monies have come into his hands. It is a suit brought upon the bond for a failure to perform one of the orders of the judge of probate. If the statute had declared that for a breach of the administrator's bond, resulting in injury to his ward, the guardian should have power to sue in his own name, this suit would have been properly brought. But by no reasonable construction can the present statute receive such an interpretation.

Judgment below affirmed.