## STATE OF IOWA, Appellant, v. J. R. KIMBLE.

**Incest: INDICTMENT.** Indictment for incest, charging carnal knowl-
edge on part of accused only, is sufficient.

**Criminal Practice: DEFECTIVE INDICTMENT.** Upon the discharge of
a jury, and the termination of a criminal trial by reason of a
defective indictment, the court may in its discretion re-submit
the case to the grand jury, under Code 1873, section 4450, when
it will tend to prevent the failure of justice.

**SAME.** The court may in a criminal trial, when by an objection to the
offering of testimony it is pointed out that the indictment does
not charge a crime punishable by law, discharge the jury and end
the trial, under Code 1873, section 4444.

**DEMURRER.** Defendant should demur to indictment on the ground
that it does not charge a crime (Code 1873, sections 4345, 4352),
this not being one of the grounds for which section 4337 author-
ized the indictment to be set aside on motion.

*Appeal from Washington District Court.*—HON. A. R.
DEWEY, Judge.

THURSDAY, DECEMBER 16, 1897.

THE defendant was charged by indictment with
the crime of incest. The case coming on for trial, objec-
tion to the introduction of evidence was sustained. A
motion to direct a verdict for the defendant was over-
ruled. A motion to re-commit the case to the grand
jury, and to hold the defendant as provided in prelim-
inary examinations, was overruled. The jury was dis-
charged from the further consideration of the case, and
the defendant was discharged from custody. The state
appeals.—*Reversed.*

*Milton Remley,* attorney general, for the state.

No appearance for appellee.

ROBINSON, J.—The case was called for trial; a jury
was impaneled; and a witness sworn in behalf of the
state. The defendant at that time objected to the offer-
ing of testimony, on the alleged ground that the indict-
ment did not charge the crime of incest, nor any other
crime, under the statutes of this state. The objection
was sustained, and we infer that subsequent rulings of
the court were also based upon the theory that the
indictment did not charge a crime.

I.   Section 4337 of the Code of 1873 authorized the
setting aside of an indictment upon motion when any
one of several grounds specified was shown to exist.
That section did not, however, authorize the set-
ting aside of an indictment on the ground that it
did not charge a crime. That defect could have
been presented by demurrer. Code 1873, sections 4345,

4352. In case a demurrer to an indictment were sustained, the court could, on being shown that the defect might be remedied or avoided in another indictment, re-submit the case to another grand jury. Code 1873, section 4357. The usual and better course for the defendant to pursue when the indictment is believed to be defective is to demur to it. But that was not the only means of defeating a defective indictment. Section 4444 of the Code of 1873 provided that "the court may also discharge the jury when it appears * * * that the facts as charged in the indictment do not constitute an offense punishable by law;" and section 4450 provided that, "if the jury be discharged because the facts set forth do not constitute an offense punishable by law, the court must order that the defendant, if in custody, be discharged therefrom, or if admitted to bail, that his bail be exonerated, or if he has deposited money instead of bail, that the money deposited be refunded, unless in its opinion, a new indictment can be framed upon which the defendant can be legally convicted, in which case the court may direct that the case be submitted to the same or another grand jury." These sections apply to a case in which the court is convinced after the jury has been impaneled, that the indictment is defective. The method of invoking the action of the court in such a case is not pointed out, and we are of the opinion that the court may act on its own motion without a request from either party. Certainly the court would not be required to permit a useless trial to be continued merely because neither party objected to it. A further reason for not permitting the trial in such a case to proceed is the fact that a conviction or acquittal by a judgment upon a verdict would have barred another prosecution for the same offense. Code 1873, section 4364. In this case the alleged defect was pointed out

by an objection to evidence, and we think that, if the indictment was defective as claimed, the court was authorized to refuse to receive evidence, and to end the trial. It was within the discretion of the court, if it believed that a new indictment could be framed upon which the defendant could be convicted, to re-submit the case to the same or another grand jury; but the statute does not require the court to do so, although that should always be done when it will tend to prevent the failure of justice.

Numerous authorities have been cited which are claimed to support the theory that the court erred in sustaining the objection to the introduction of evidence, but they are from other states, and our decision in this case rests upon the statutes of this state. The objection made by the defendant has been spoken of as a demurrer to evidence, but, while intended to exclude evidence, the ruling which sustained it was based upon the conclusion of the court that, whatever the evidence might be, it could not authorize a conviction, because no crime for which a conviction could be had was charged by the indictment. The effect of what was done was to adjudge that the indictment was insufficient in that it did not charge the commission of a crime.

II. It is claimed that the indictment was sufficient in law to sustain a conviction for the crime of incest, and we are told that the defect claimed in the district court to exist is the omission of the indictment to aver that the parties to the alleged crime had carnal knowledge of each other. The indictment charges that the defendant "did unlawfully and feloniously carnally know and have sexual intercourse with" the daughter of his wife, but it does not allege that the daughter had carnal knowledge of him. The precise question thus presented was determined in

*State v. Hurd,* 101 Iowa, 391, where we held that an indictment which charged carnal knowledge on the part of the accused only was sufficient. We are of the opinion that the indictment in this case was sufficient, and that the court erred in refusing to receive evidence, and in dismissing the jury, and in discharging the defendant. The judgment of the district court is, for the reasons shown, REVERSED.