STATE OF IOWA, Appellee, v. CHESTER FISHER, Appellant.

INDICTMENT AND INFORMATION: Formal Requisites—Failure
1 to Indorse—Remedy—Motion. The failure to indorse the entry,
"A true information", on an information filed under the County
Attorney Information Act, must be reached by motion, not by
demurrer. (Sec. 5239-m, Sup. Code, 1913.)

INDICTMENT AND INFORMATION: Formal Requisites—"A True
2 Information"—Indorsements Showing. An information may suf-
ficiently appear to be "A true information" without such formal
indorsement appearing thereon, when there appear thereon (a)·
the formal signed approval of the judge, (b) the formal signed
filing of the same in the clerk's office, and (c) the formal signed
order of the judge fixing bail. (So held in a case wherein the
question of the effect of the failure to indorse "A true informa-
tion" on the information was not properly raised in the lower
court.)

ASSAULT AND BATTERY: Appeal—Right of Chastisement—In
3 Loco Parentis—Waiver. Under a charge of assault and battery,
defendant may not, on appeal, contend for the first time that
he stood in loco parentis to the prosecuting witness (an adult),
especially when there was no sufficient evidence of such relation.

CRIMINAL LAW: Trial—Instructions—Objections—Waiver. On
4 appeal, defendant will be confined, in his objections to instruc-
tions, to those made before the instructions were read to the
jury. (Sec. 3705-a, Sup. Code, 1913.)

ASSAULT AND BATTERY: Verdict—Sufficiency of Evidence.
5 Evidence briefly reviewed and held sufficient to sustain verdict of
guilty.

*Appeal from Cherokee District Court.*—HON. W. D. BOIES,
Judge.

MONDAY, NOVEMBER 1, 1915.

THE defendant was charged with the crime of assault
with intent to commit great bodily injury upon one Grace

Johns. The case was tried to a jury which returned a verdict of guilty of assault and battery. Sentence was pronounced that defendant be confined in jail for thirty days and pay the costs of prosecution, amounting to about $70. The defendant appeals.—*Affirmed.*

*William Mulvaney,* for appellant.

*George Cosson,* Attorney General, and *John Fletcher,* Assistant Attorney General, for appellee.

PRESTON, J.—A number of errors are assigned. They may be grouped under three heads: error of the court in overruling the demurrer to the information; error in the admission of testimony; and error in the instructions. After defendant had waived preliminary examination before a magistrate, an information was filed by the county attorney, duly verified. The following indorsements appear on the back of the information:

"On this the 16th day of January, 1914, being satisfied from the showing made herein that this cause should be prosecuted by information, the same is approved.

W. D. Boies, Judge of the District Court."

"This information duly filed in the District Court this the 16th day of January, 1914.

F. J. Carpenter, Clerk of the

District Court of Cherokee County, Iowa."

"Bail is hereby affixed on the within information in the sum of $500.

W. D. Boies, Judge

of the Twenty-first Judicial District Court."

The names of the witnesses are also indorsed, and attached to the information are the minutes of the testimony of two witnesses, also a notice of the testimony of other wit-

nesses,—together with the statement of what the state expected to prove,—and giving their residence and occupation, served on the defendant personally on January 16, 1914. The information was not indorsed "a true information" as required by Code Supp. 1913, Sec. 5239-c (Sec. 3, Ch. 188, Acts of the 34th G. A.).

Defendant demurred to the information on the grounds that the information is not indorsed "a true information"

**1. INDICTMENT AND INFORMATION: formal requisites: failure to indorse: remedy: motion.** and does not conform to the requirements of the laws of the state of Iowa and does not charge assault with intent to inflict great bodily injury. The demurrer was overruled, and the defendant then waived arraignment and pleaded not guilty, and, as stated, was tried to a jury.

The procedure for attacking the information because of the failure of the county attorney to indorse it "a true information" is prescribed in the statute itself, Sec. 5239-m, Code Supp., 1913, which provides, in substance, that a motion to set aside the information may be made on that ground. It seems to be the thought of counsel for the defendant that, in the preparation of this information, the provisions of the law were not complied with; and therefore his demurrer should have been sustained on that ground.

It is contended by the state that under the general statutory rules of procedure, the defendant's demurrer could not have been sustained had the accusation been in the form of an indictment rather than that of an information. Sec. 5328 of the Code provides that a demurrer to an indictment will lie when it appears, upon the face of the indictment, that it does not substantially conform to the requirements of the Code; or that the indictment contains matter which, if true, would constitute a legal defense or bar to the prosecution. It would seem that the meaning of this section is that a demurrer will lie to an indictment if it does not substantially conform to the requirements of the Code in so far as its allegations fail to charge an offense, or if it contains

allegations in addition to charging a crime which would constitute, if proved, a complete defense, and we think the same rule ought to apply to the information filed by the county attorney.

Sec. 5319 of the Code has a provision similar to the provision of the Code Supp. of 1913, Sec. 5239-c, and provides that a motion to set aside an indictment will lie when the indictment is not indorsed a true bill and the indorsement signed by the foreman of the grand jury. In the county attorney's information law the indorsement must be, "A true information", and signed by the county attorney.

It has been held, under Sec. 5328 of the Code, before set out, that questions as to the sufficiency of the statement of facts in the indictment to constitute the crime charged can be raised by demurrer, and the sufficiency of the indictment as a pleading is then to be determined from its averments, but that the fact that minutes of evidence before the grand jury are not filed by the clerk cannot be raised in that manner. *State v. Briggs*, 68 Iowa 416. On the other hand, the objection that the indictment does not charge a crime should be raised by demurrer, and not by motion. *State v. Kimble*, 104 Iowa 19. A demurrer goes to the sufficiency of the indictment or information as a pleading. It would seem then that, without any form of procedure being prescribed in the county attorney's information law covering this particular point, the attack upon the information because of the failure of the county attorney to indorse it "a true information" should have been by motion. But, as before pointed out, the new law itself provides that, for such failure, motion is the remedy. Furthermore, it has been held by this court that the provision of the statute that an indictment must be indorsed a true bill and signed by the foreman was directory only. *Wau-kon-Chaw, etc., v. United States*, 1 Morris 437.

2. INDICTMENT AND INFORMATION: formal requisites: "a true information": indorsements showing.

The other indorsements on the information in this case

show, we think, without any question, that this information was prepared and signed by the county attorney and filed in the office of the clerk and that it is a true information.

2. Other assignments of error are based upon the thought, as defendant contends, that the defendant stands *in loco parentis* to Grace Johns, the prosecuting witness, and that he, therefore, had the right to administer moderate chastisement to her at the time of the alleged assault, and that the jury should have been instructed and the case submitted on that theory. As we understand the record, the defendant is the stepfather of the prosecuting witness, she being the daughter of the defendant's wife, and it appears, incidentally, that she lived in the family. It appears that the prosecuting witness was an adult at the time the assault was committed, and there is no showing that she had placed herself in such a situation that it could be said that the relation of parent and child continued to exist after she became of age. No testimony was introduced showing that the relation of parent and child existed, except such as might be inferred from the fact that she was the daughter of the defendant's wife. No instructions were asked by the defendant covering this question. The point seems not to have been thought of or raised in any way in the district court, and we think it cannot be raised for the first time here.

3. ASSAULT AND BATTERY: appeal: right of chastisement: *in loco parentis:* waiver.

Several of the instructions are criticised because they do not recognize the doctrine now contended for by defendant. The defendant's exceptions to the instructions given were general, and no specific objection was made covering this point, as required by Sec. 3705-a, Code Supp. 1913.

4. CRIMINAL LAW: trial: instructions: objections: waiver.

3. It is next urged that the demurrer should have been sustained, for the reason that the information does not charge the crime of assault with intent to inflict a great bodily injury; but the defendant in his argument does not point

out wherein the information is insufficient, and we do not observe any defect therein.

4. It is contended that the evidence does not show that the defendant assaulted Grace Johns, and that the verdict is not supported by the testimony, and that the punishment is excessive. The defendant testified in his own behalf and denied that he pounded the head of prosecutrix on the floor, and denies that he choked her, and says that he never touched her at all. But there is abundant testimony to show that he did these things, and that, after the trouble, the defendant carried her from the bath room and put her on the bed and threw open the windows and called a doctor, and that prosecutrix stayed in bed until noon the next day, and there is evidence that there were marks on her neck. According to the claim of prosecutrix, the trouble commenced because she claimed defendant had removed a picture of hers from the wall; while defendant contends that the trouble occurred because his wife had forbidden prosecutrix going to a skating rink, because she had been out several nights that week.

5. ASSAULT AND BATTERY: verdict: sufficiency of evidence.

We deem it unnecessary to refer more in detail to the evidence, but content ourselves with saying that, after reading the entire record, the verdict is abundantly sustained by the evidence, and the judgment is not excessive. We discover no error in the record, and the judgment is, therefore,— *Affirmed.*

DEEMER, C. J., WEAVER and EVANS, JJ., concur.