STATE OF IOWA, Appellee, v. JOHN ASBURY, Appellant.

**INDICTMENT AND INFORMATION:** Setting Aside—Resubmission
1 —Inherent Power of Court. The court, whenever it discovers that an indictment charges no crime, has inherent power, on its own motion, to set the indictment aside and order a resubmission.

**INDICTMENT AND INFORMATION:** Minutes of Testimony—Witnesses before Grand Jury—Non-necessity on Resubmission. Upon

the resubmission of a criminal cause to the grand jury because the first indictment was fatally defective, the minutes of testimony attached to the rejected indictment may be detached, laid before the grand jury, and returned with the new indictment with the same effect as though the witnesses were again called personally before the grand jury. (Sec. 5278, Code, 1897.)

**CRIMINAL LAW: Opinion Evidence—Possibility of Rape.** Whether a rape could or could not have been committed upon an adult female under certain circumstances is a question for the jury, not for a medical expert.

**WITNESSES: Cross-examination—Improper Latitude—Proper Evidence Improperly Obtained—Criminal Law.** Cross-examination may not be utilized as a cover under which to obtain substantive evidence, material in establishing the main case, but immaterial and irrelevant to the cross-examination.

**CRIMINAL LAW: Evidence—Materiality—Admissibility Because Similar to That Offered by Other Party.** The act of the court in permitting one party to throw a pure make-weight into the case in his own behalf may, in the interest of a fair trial, necessitate the allowance of the same privilege to the opposite party. So held where the state was permitted to show that the prosecutrix in a rape case was a member of a church, while defendant was denied the right to show that he was a member of secret societies.

**RAPE: Evidence—Conclusions—Admissibility.** Retaining one conclusion-answer in the record on behalf of one party may, in order to avoid error, necessitate the reception of a like answer, pertaining to the same matter, on behalf of the opposite party. So held where, in a rape case, prosecutrix was permitted to say, "I never gave defendant any occasion at all for anything out of the way", while defendant was not permitted to answer "Whether he had by force or compulsion on his part compelled prosecutrix to submit to his demands".

**CRIMINAL LAW: Instructions—Requisites and Sufficiency—Included Offenses.** The jury should be plainly told that, if there be reasonable doubt as to the proof establishing one included offense, it should be dropped from further consideration, and the next lower degree or grade of offense inquired into. This rule is met by instructing specifically that defendant could not be convicted of the higher offense, naming it, unless the jury was satisfied beyond all reasonable doubt of his guilt of that offense, and directing an acquittal if such doubt existed, and following with a like instruction as to all included offenses.

CRIMINAL LAW: Trial—Motion for Directed Verdict—Waiver of
8 Ruling. He who moves for directed verdict and suffers an adverse ruling, and thereupon introduces his testimony, must then renew his motion, or waiver of the adverse ruling will result; and so, though overruling the motion to direct is one of the grounds of an overruled motion for new trial. But this does not take away the right to urge on appeal that a motion for new trial which urges that the verdict is not sustained by the evidence, should have been sustained.

*Appeal from Appanoose District Court.*—HON. FRANCIS M. HUNTER, Judge.

WEDNESDAY, NOVEMBER 24, 1915.

DEFENDANT was convicted of rape, and appeals.—*Reversed and Remanded.*

*J. M. Wilson,* for appellant.

*George Cosson,* Attorney General, and *Wiley S, Rankin,* Special Counsel, for appellee.

SALINGER, J.—I. The court, having discovered that an indictment returned against defendant

1. INDICTMENT AND INFORMATION: setting aside: resubmission: inherent power of court.

charged no crime, set it aside on its own motion and ordered a resubmission. It is contended that this action is unauthorized by statute, and therefore erroneous. It seems true the action complained of is not authorized by statute.

Sec. 5319, Code, provides that, if motion to set aside an indictment is made before plea is entered, the indictment must be set aside if certain objections are made to appear. The objections enumerated do not include that the indictment charges no crime—a point which can, of course, be raised by demurrer. Under Sec. 5321, Code, one ground for setting aside the indictment found in Sec. 5319 is not available to a defendant who has been held to answer before indictment. By Sec. 5331, Code, it is provided that, if a demurrer to the indictment be sustained, among other things, for failure of

the indictment to charge a crime, the defendant must be discharged, unless the court is of opinion, on good cause shown, that the objection can be remedied or avoided in another indictment, in which case the court may order the cause to be resubmitted to the same or another grand jury.

None of these authorize the setting aside of indictments and resubmission, upon the motion of the court, and on the ground that the indictment charges no crime. And it seems true, also, that none of our cases decide the precise point now under discussion. We think that, notwithstanding *State v. Kimble* is cited in *State v. Hanlin*, 134 Iowa 493, at 496, for the proposition that the trial court may order resubmission where the indictment is clearly defective, the *Kimble* case does not conclude that point. In it, "The alleged defect was pointed out by an objection to evidence", 104 Iowa 21, 22, and therefore it does not decide whether the court may resubmit *sua sponte*. The *Hanlin* case itself clearly does not conclude the question now under consideration, because all it holds is that a defendant who, before trial, successfully resists a motion by the state to set aside the indictment and to resubmit because of alleged defects therein, cannot, upon conviction, rely on a denial of the motion as ground for reversal. That is, he is estopped by conduct—cannot say on the motion to resubmit that the indictment does not require it, and afterwards say it was error for the court to agree with him and to refuse resubmission. The case is not applicable: first, because no resubmission was had, and consequently the validity of resubmission was not involved; second, its validity was not passed upon; and, third, the case went off on a clear question of estoppel. It will be seen, then, that the statute law and our cases leave open whether the court may, strictly on its own motion, resubmit upon itself finding the indictment defective. We treat the question as one of first impression. It will be noticed that, while our statutes and our cases do not give such authority, neither do they exclude it. That the court may, or should, upon a prescribed application and

for prescribed grounds, set aside the indictment and resubmit, is not necessarily conclusive for the assertion that it may not resubmit under any other circumstances. We take it that the courts are entrusted with inherent power to avoid a turning of the administration of justice into a travesty, inherently empowered to protect themselves against what will interfere with their effective action. If witnesses or others behave themselves during the trial in a contemptuous manner, calculated to interfere with orderly procedure and righteous decision, the court could protect itself against this if there were no statute authority to do so, or even if the statute prescribed dealing with contempts and omitted one like the act of such witness. Unless such grant of power were exclusive in terms, the right to use the power in cases not enumerated would remain, if exercised in such manner as to effectuate the general purpose—to have orderly administration of justice. We think the dictum in the *Kimble* case should be declared to be the law. It is therein said: "The method of invoking the action of the court in such a case is not pointed out, and we are of the opinion that the court may act on its own motion without a request from either party. Certainly the court would not be required to permit a useless trial to be continued merely because neither party objected to it." If the courts may, without statute grant, summarily deal with one who threatens with violence to prevent the jury from reaching a verdict, they may act when some other cause makes it certain that, if the trial proceed, the verdict will be a nullity. If there be inherent power to prevent what interferes with the free arriving at a verdict, or to prevent the doing of acts that may unduly influence the verdict and make it subject to be avoided afterwards, there should be power in the court to interfere when it learns that, though the trial proceed to its end, there can never be what the law will regard as a verdict. If without statute the court may prevent a juror from being bribed or coerced, it may take whatever steps are necessary to avoid making the verdict

of all the jurors a piece of waste paper. The fact that the legislature did not, in terms, include power to avoid one particular miscarriage of justice in statutes defining when indictments should or must be set aside should not be taken to deny the power to do what was done here. That statutes require, for instance, that if the indictment is not endorsed "a true bill", the court must, on motion, set aside the indictment, does not, in the least, establish that the court may not, without any motion, set aside an indictment where failing so to act would lead to a trial foredoomed to be abortive.

II. Claim was made that witness Maggie McWilliams was not before the grand jury that found the indictment, and should not have been allowed to testify. She was before one

2. INDICTMENT AND INFORMATION: minutes of testimony: witnesses before grand jury: non-necessity on resubmission.

which found an earlier indictment, which was set aside with an order of resubmission. The minutes to said first indictment were attached to the one upon which trial was had. The dispute is over whether witness was before the second grand jury. It is an immaterial dispute; because Code Sec. 5278 provides that, on resubmission to the same or any other grand jury, "it shall be unnecessary to summon the witnesses again . . . but the minutes . . . returned with the defective indictment . . . shall be detached and returned to the grand jury, and thereupon, without more, such grand jury may find a bill and attach said minutes . . . thereto, and return said indictment therewith into court in the usual manner, and may, in either case, take additional testimony."

III. The testimony proposed by Doctors Bamford, Bowen and Tillmont was rightly excluded. Its effect was to have the witnesses say that, in their opinion, rape could not

3. CRIMINAL LAW: opinion evidence: possibility of rape.

be committed upon an adult female under the circumstances disclosed by the record. This, it seems to us, is an invasion of the province of the jury. See *Kesselring v. Hummer*, 130 Iowa 146; *State v. Peterson*, 110 Iowa 647, 651.

IV. The witness Kincade testified to nothing except that she knew defendant, was acquainted with his reputation for moral character and virtue; that same was good, and witness never heard it questioned until this matter came up.

**4. WITNESSES: cross-examination: improper latitude: proper evidence improperly obtained: criminal law.**

Over apt objection, it was permitted to ask this witness, on cross-examination, this: The witness said, without objection, that she had known defendant for twelve years, and that he had made her home his staying place. Upon this, without more, the cross-examiner asked:

Q. "Up until, the time he broke jail here in Centerville, didn't he?" A. "No, sir." Q. "Now, two days following the time he broke jail in Centerville, you furnished him with food, didn't you?" A. "No, sir, I didn't. I ain't seen him until yesterday."

The court charged upon the effect of evidence "before you that, after the defendant had been arrested upon the charge for which he is now being tried, and while in jail, he broke away and went into the state of Missouri and remained there, going under an assumed name"—the jury thus being reminded of what had been obtained on this cross-examination and favored with the court's opinion as to what had been thus obtained.

We do not question that evidence of flight is admissible, but hold such evidence may not be gotten by means of improper cross-examination, and that the cross-examination permitted here was improper and prejudicial. See *State v. Rowell*, 172 Iowa 208.

V. Prosecutrix was allowed to testify, over apt objection, that she was a member of a church, and had read the Bible at times prior to the alleged offense against her. It is not claimed that testimony of this character is to be approved, and it must be conceded that whether one is or is not a church member ought not to be used as a make-

**5. CRIMINAL LAW: evidence: materiality: admissibility because similar to that offered by other party.**

weight in a judicial investigation. It is possible that the panel·had members without church membership or bias as to such membership, and possible that this is true of the entire panel. On the other hand, it may reasonably be inferred that, with some members of an American jury, church membership and Bible reading will be considered, as partial voucher at least, for the veracity of one thus affiliated and of habit. But error is presumed to be prejudicial, and the most that can be.said for this error is that it may or may not have been prejudicial.

Defendant was allowed to state, without objection, that he belonged to the miners' union. Being then asked for how many years, and whether a member of any other secret society, answer was, on objection, excluded. Let it be borne in mind that this is not a case where the defendant first brought affiliation with secret societies into the case, and thereupon the state took a leaf out of his book and went into the church affiliation of the prosecutrix. It is the prosecutrix that testified first along these lines, and despite objections of the defense; and later, when defendant sought to put in testimony similar in effect, the objections of the state thereto were sustained. In other words, we have here a case where, instead of there being a species of estoppel upon the defendant because the state but followed his lead and put in what defendant had told the court might rightly be put in, defendant was not allowed to do what prosecutrix had already been allowed to do against him. Instead of being blocked by being a pioneer in the putting in of improper testimony, defendant was not allowed to do that which the state claimed the right to do, and was permitted to do before defendant asked the same privilege.

It may be conceded that the testimony of both should have been excluded as a matter of sound public policy; that neither should have been permitted to lead the jury off into the fields opened by such testimony as this. But why should this be recognized as to such testimony when offered by the one and disregarded when offered by the other? Why is

prosecutrix, more than the defendant, entitled to make an appeal which may degenerate into improper appeal? If the state may use special influences upon those members of the panel who are active in church work, if any such there be present, why should defendant not be allowed to offset it by rallying to his side any members there may be who are devoted Masons? When it is all said, the jury was allowed to know, over the objections of the defendant, that prosecutrix belonged to some church and was a Bible reader, and there-after was not allowed to know whether defendant was or was not a Mason, Odd Fellow, or the like. This court has held, as have many others, very many times, that, though an instruction upon the weight and credibility to be given to testimony was abstractly correct, it was yet error to single out some one witness or some party for its application. It seems to us that what was done here is clearly within the inhibition of that rule. Whether what was admitted for each of these was or was not rightly admitted, defendant should have been allowed to have that which the state had already obtained over his objection, and had thus, so far as lay in its power, made a rule of trial. We think it did not constitute fair trial to overrule the objections of the defendant to this line of testimony and thereafter to sustain the objections of the state when defendant attempted to put in testimony of like effect, relevantly calculated to meet and weaken the first.

## 2.

On redirect examination, the prosecutrix was asked: "Q. What did you do; that is, what were your actions toward John Asbury all the time that you were there riding in the buggy seat together? (Objected to as leading and incompetent. Overruled and exception.) A. I never give him any occasion at all for anything out of the way. (Defendant moves to strike the answer as incompetent. Overruled. Exception.)"

6. RAPE: evidence: conclusions: admissibility.

We think this should have been stricken out, but would

not reverse for failure to do this, alone. But the defendant was not allowed to answer this question: "Did you, by force or compulsion, on your part, compel her to submit to your demands?"

.We think it was error to allow the foregoing testimony on part of the prosecutrix and then to deny answer to said question to defendant.

VI. While the court did not say, in terms, that, if the jury had a reasonable doubt on whether a higher included offense was committed, it should resolve the doubt by going to a consideration of the next lower offense

7. CRIMINAL LAW: instructions: requisites and sufficiency; included offenses.

included, we think it did that which is fairly equivalent to such a charge. It told the jury that it could not convict for rape unless satisfied beyond all reasonable doubt that defendant was guilty of that crime, and to acquit of rape, if not so satisfied. It proceeded to give the same charge all along the line as to each of the included offenses, and concluded with the direction that, if the jury found that none of the offenses charged were proved beyond reasonable doubt, it should acquit the defendant. As said, we think this is fairly equivalent to an instruction that, if there be reasonable doubt as to the proof establishing one included offense, it should be dropped, and the next in order inquired into.

VII. It is presented that a verdict should have been directed on the motion of the defendant, on the ground that the evidence was insufficient to take the case to the jury. This motion was made at the close of the testimony

8. CRIMINAL LAW: trial: motion for directed verdict: waiver of ruling.

for the state; but after its overruling, defendant proceeded to put in testimony. The motion was never renewed. It is assigned in the motion for new trial that it was error to overrule the motion to direct; but we hold, in *State v. Bosworth*, 170 Iowa 329, that where accused, after moving for a directed verdict, at the close of the state's testimony, introduced his testimony and never renewed the motion, the overruling thereof cannot

be reviewed, though it is set out in the motion for a new trial. That being true, the point that there was no evidence to go to the jury has been waived on this appeal. True, the assignments in the motion for new trial present that the verdict is contrary to and not sustained by the evidence, and a review may be had upon these assignments, although it is settled, for the purposes of the appeal, that there is enough evidence to take the case to the jury in the first place. While, for the purposes of the appeal, it must be conceded that there is not a case of no evidence, there is yet the right to say that, although there was some, the jury should not have found it sufficient. But to sustain this assignment operates merely to give a new trial—a remand. That has already been accomplished by sustaining other assignments which do not go to the weight of the evidence. In such circumstances, and in view of the fact that we are not agreed upon whether the evidence was such as to demand a new trial for its insufficiency, we think we should not, at this time, express an opinion upon whether the motion for new trial should have been sustained on the assignment that the evidence was insufficient to sustain the verdict. And so, even though, where all are agreed that the verdict is sustained, we do, reversing, pass, in a guarded way, upon the challenge that the evidence is insufficient. See *State v. Rowell, supra.*

Other assignments are either clearly not well taken or what they cover is not likely to recur on retrial.

For the errors pointed out in Divisions IV and V, the judgment must be—*Reversed* and *Remanded.*

DEEMER, C. J., LADD, WEAVER, EVANS and GAYNOR, JJ., concur.