## GUNKLE *v.* STATE.

CRIMINAL LAW. *Indictment and presentment. Bad. When.* In an indictment for selling liquor and cigars to visitors in a theatre, etc., under the act passed December 18, 1869, prohibiting such sale, the indictment is bad when neither the indictment itself, nor the record show that it had been found a true bill by the grand jury.

Code cited: Sec. 1728c.

### FROM DAVIDSON.

Appeal from the Criminal Court. THOS. N. FRAZIER, Judge.

No counsel marked.

McFARLAND, J., delivered the opinion of the court.
40—VOL. 6.

Gunkle v. State.

The plaintiff in error appeals from a judgment upon a conviction under an indictment for misdemeanor, founded upon the act of 1869–70, Thompson & Steger, Code, sec. 1728c. This motion for a new trial and in arrest of judgment were overruled.

The record shows that "the grand jury came here into open court, and, after being regularly called over, presented the following presentments." Then follows an indictment against John F. Gunkle for selling liquors, cigars, etc., to visitors in a theatre or place of amusement. It is signed A. J. Caldwell, Attorney-General; endorsed, The State v. John F. Gunkle, presentment for selling liquor in a theatre, ex officio.

Being signed by the attorney-general, and not by the grand jury, it is an indictment and not a presentment. There is no endorsement showing that this indictment was found a true bill by the grand jury.

Nor is there anything on the record to show this. The record shows they returned this paper into open court, but this does not show that they found it a true bill, for it is the duty of a grand jury to return an indictment into court whether found or not. It not appearing that this indictment was found by the grand jury, the defendant should not have been held to answer it.

We find no provision of the Code professing to cure such an omission as this, nor do we suppose the defect could be thus cured.

The judgment must be arrested and the plaintiff in error discharged.