## S. R. BASSHAM V. THE STATE OF TEXAS.

1. On a trial for murder the declarations of the defendant, made at the time of the killing, to the deceased, charging him with having insulted the wife of defendant, are not admissible in evidence for the defendant on cross-examination as part of the *res gestæ*, in the absence of testimony *aliunde* that such insult had been given.

2. A paper purporting to be an indictment, but not signed by the foreman of the grand jury impanneled at the term of its filing, may be signed by him at a subsequent term.

3. When a party, on cross-examination of a witness, seeks to draw out new matter not inquired about in the examination-in-chief, he makes the witness his own for that purpose, and the opposite party may cross-examine on such new matter.

4. A defendant cannot, when the jury is being polled, question a juror in regard to the misconduct of the jury during trial.

APPEAL from Ellis. Tried below before the Hon. Hardin Hart.

The appellant was indicted for the murder of Jasper Brock.

The evidence shows that the appellant, about half an hour before the homicide, attempted to borrow a pistol from two different parties. Immediately on meeting Brock appellant said, " Brock, you have insulted my wife, and I will kill any d——d son-of-a-b——h who insults my wife," and thereupon shot him, killing him instantly.

From the question submitted to the court by the jury after their retirement, it would seem that Brock made some reply, but the statement of facts does not indicate what he said.

G. P. Bullard, the only witness to the killing, was permitted, over the objection of appellant, to assist the district attorney in selecting a jury.

It was in evidence that about an hour before the killing the deceased was at appellant's house.

A pistol was found in the pocket of Brock after his death.

· The indictment was filed in court December 19, 1870, and was neither signed by the foreman of the grand jury nor endorsed "a true bill."

On the trial in January, 1873, the court permitted D. G. Ransom, the foreman of the grand jury for the December term, 1870, to sign the indictment.

On the trial the defendant, in cross-examination, asked the witness, Bullard, "if, at the time the shooting occurred, he heard anything said by either defendant or deceased; and if so, what it was?" which being objected to by the district attorney, the objection was sustained.

The district attorney, on the trial, asked a witness what was the reputation of the defendant's wife in the community, objection to which was overruled. (The answer was that her reputation was good.)

The defendant also asked a witness "whether or not, on the evening of the day Jasper Brock was killed, he was in company with said Brock, and heard said Brock say anything concerning illicit intercourse with defendant's wife; if so, what that declaration was?" objection to which was sustained.

Defendant also, on the trial, asked the witness, Tucker, introduced by defendant, if he did not, on the day Brock was killed, and but a short time before, hear Brock declare that he would have illicit intercourse with defendant's wife; that on·being advised to desist deceased swore that he did not care a d—m for the consequences, and reiterated his declaration in the most vulgar terms; took a block of wood, wrote something on it, and went out at the door, where Mrs. Bassham was, and threw it to her?" objection to which was sustained.

The court charged the jury in regard to murder in the first and second degrees, in the language of the statute.

The jury, after retiring, desiring further instructions, the following was given:

"Before the jury can take the assertions of the defendant at the time of the homicide as of any weight, it must appear from the evidence that the defendant had been informed that the deceased had insulted his wife; and further, that there had been no previous meeting since he had received such information. Unless it so appear from the evidence, you will consider neither the words of the defendant nor of the deceased."

Verdict and judgment finding defendant guilty of murder in the first degree, and assessing his punishment at imprisonment in the State penitentiary for life, from which he appealed.

No brief for the appellant.

*Brown*, for the State.

WALKER, J.—There being no brief for appellant in this case, nor any assignment of errors found in the record, we are forced to look for a ground on which a reversal is sought to the motion for a new trial and the bill of exceptions.

A new trial was sought on the ground that the court erred in the charge to the jury, in that it directed the jury not to consider the defendant's declarations at the time of the homicide as of any weight.

The instruction appears to have been given in reply to an inquiry coming to the court from the jury, and, looking to the statement of facts, we cannot see that instruction is erroneous. There was nothing proved which entitled the defendant to offer his declarations in evidence as part of the *res gestæ*.

The defendant charged the deceased with insulting his wife, and thereupon shot him. If there had been any

truth in this charge, it might have been proved upon the trial. The wife was not put upon the stand as a witness, nor any evidence offered which was competent to show that the appellant had received any information of an insult having been offered to his wife by the man he murdered.

The language of the charge, though not, perhaps, most aptly chosen, sufficiently explains the law to the jury, and could not have misled them. There was no evidence to show that the killing took place immediately upon the insult being offered to the wife of the appellant, or at the first meeting of the parties after the insult, if, indeed, any insult had been offered. A new trial should not have been granted upon the ground that the verdict is contrary to law and evidence. The verdict is amply supported by the evidence, and is in accordance with law. The defendant sought to borrow a pistol of one person who declined to furnish him the weapon. He borrowed one from another person, and, as near as we can tell from the proof, about one-half hour after he obtained the pistol he shot the deceased three times, inflicting a mortal wound at each discharge of the pistol.

We find nothing in the bill of exceptions requiring a reversal of this judgment.

When a party, on cross-examination of a witness, seeks to draw out new matter not inquired of on the examination-in-chief, he makes the witness his own for this purpose, and the opposite party may insist upon a cross-examination. Here the party on cross-examination sought to offer his own declarations, no part of which had been offered by the State, and which did not form a part of the *res gestæ*. Such evidence was incompetent. The court properly sustained the objection of the district attorney to the cross-questions put to a State witness. If the evidence were incompetent—but we confess we cannot

40

understand from the record that such a ruling was made—for the record shows that a witness, Bullard, was permitted to state what was said both by Brock, the deceased, and by the appellant, at the time of the homicide—if the ruling complained of by the bill of exceptions was made during the trial, the court must have receded from it in admitting Bullard's evidence, and the appellant could not have suffered by such a ruling. We find no error in the ruling of the court referred to in the 6th, 7th, 8th and 9th exceptions.

The evidence was not admissible. There was no error in the court refusing to give the special instructions asked. We find no evidence in the case which could properly have reduced the crime from murder to manslaughter.

The 12th exception is not well taken, and this is the only one requiring further notice. The defendant had a right to have the jury polled, but he had no right, after this had been done, to inquire of them if they had separated or been intoxicated during the trial.

The judgment of the District Court is affirmed.

AFFIRMED.