STATE *v.* HERRON.

(*Nashville.*    February 21st, 1888.)

1. INDICTMENT.    *Omission of Clerk to enter foreman's indorsements on record. Effect of.*

   An indictment for felony otherwise valid is not vitiated by the Clerk's failure, in spreading it upon the record, to copy the indorsement, "A true bill," and the foreman's signature thereto, if there is a proper entry of record showing the return of such indictment by the grand jury.

   Code cited : Secs. 5921, 5926, 4854, Sub-sec. 9 (M. & V.) ; Secs. 5093, 5098, 4077, Sub-sec. 9 (T. & S.).

   Cases cited and approved : Brown *v.* State, 7 Hum., 155 : Calhoun *v.* State, 4 Hum., 478 ; Bennett *v.* State, 8 Hum., 123 ; Maples *v.* State, 3 Heis., 409.

   (See 9 Bax., 485 ; 3 Head, 157.)

   Cited and distinguished : Chappel Case, 8 Yer., 170 ; Henry's Case, 4 Hum., 272 ; Blevins *v.* State, Meigs, 83 ; Gunkle *v.* State, 6 Bax., 626.

2. SAME.    *Return by grand jury.    Sufficiency of entry.*

   An entry of record showing return of an indictment is sufficient in this language : "This day came the grand jury for the State and filed in open Court the following bill of indictment, to wit : "

   Code cited : § 5926 (M & V.) ; § 5098 (T. & S.).

   Cases cited and approved : Brown *v.* State, 7 Hum., 155 ; Maples *v.* State, 3 Heis., 409.

---

FROM DEKALB.

---

Appeal in error from the Circuit Court of De-Kalb County.    M. D. SMALLMAN, J.

Indictment for felony quashed because the Clerk failed to copy the indorsement, "A true bill," and foreman's signature thereto, in spreading it upon the record.   There was an entry of record showing proper return of the indictment by the grand jury.   The State appealed.

Attorney-General PICKLE for State.

JAMES NESMITH and B. M. WEBB for Herron.

CALDWELL, J. . The defendant was indicted for burglary.   He demurred, and assigned as ground of demurrer that the indictment had not been returned into Court, indorsed "A true bill," signed by the foreman of the grand jury, and entered of record.   The Circuit Judge sustained the demurrer, and quashed the indictment.   The State has appealed.

The transcript contains two copies of the indictment—one taken from the original and the other from the minutes of the Court.   They are identical, except that the former is indorsed, "A true bill, Milton Ward, foreman of the grand jury," and the latter has no part of such indorsement upon it.   Immediately preceding the copy from the minutes, and as a part of the same entry, appears this language: "This day came the grand jury for the State, and filed, in open Court, the following bill of indictment, to-wit."   Here follows a full

copy of the indictment, omitting the indorsement upon it.

This statement of the case shows that the indictment *does* contain the indorsement, "A true bill," and that it *was* signed by the foreman of the grand jury, in compliance with § 5921 of the Code (M. & V.); also that the indictment *was* presented in open Court by the grand jury, as prescribed by Code, § 5926.

It further shows that the indorsement, "*A true bill*," *and the signature of the foreman thereto, were not transcribed upon the minutes of the Court.* Is this omission fatal? Is an indictment which has the proper indorsement upon it, and which has been returned into open Court by the grand jury, and entered upon the minutes by the Clerk, bad because of an omission on the part of the Clerk to transcribe *that indorsement* upon the minutes of the Court? The facts of the record limit the demurrer to that precise point.

Its decision is to be reached by a construction of the statute contained in Code, Sec. 4854, Subsec. 9, which is in these words: "The Clerk of each Circuit Court  *  *  *  is required to enter, at full length, upon the minutes of the Court the presentment or indictment in cases of felony."

There is no doubt in our minds that the Legislature enacting this law intended that all indictments for felonies, *including all necessary indorse-*

*ments thereon,* should be spread upon the minutes of the Courts into which they should be returned.

Such intention is manifest from a leading object had in view by the passage of the act— namely, the preservation of the indictment, and an easy procurement of an authentic copy thereof in case the original should be lost or destroyed. The original indictment, without the indorsement, "A true bill," followed by the signature of the foreman of the grand jury, is utterly worthless, and devoid of any legal efficacy whatever. A copy from the minutes, without this indorsement and signature, cannot possibly be any better. Therefore, if the original be lost, and the indorsement and signature in question be not found upon the minutes of the Court, it follows that a sufficient copy cannot be had, and this purpose of the statute is entirely defeated. If the original indictment is on file in the Court, the defendant is tried upon that, and a copy is not needed at all; but, if the original is not on file, a copy is necessary, and, to be good in legal contemplation, it must show the indorsement and signature so indispensable to the validity of the original.

Hence, it is the plain and imperative duty of the Clerk, under the statute, *to transcribe such indorsement and signature,* as well as the body of the indictment itself, *upon the minutes of the Court.*

But it was not contemplated by the Legislature, and should not be held by the courts, that his failure to perform that duty *shall vitiate the origi-*

*nal indictment, and defeat a trial of the prisoner upon it, when the original indictment is itself actually on file in the case, with proper indorsement and signature upon it, as in the case before us.*

The abortive effort of the clerk to spread the whole indictment upon the minutes of the Court should not be permitted to operate to the legal destruction of the instrument of which he attempted to make a copy.

Therefore, we think the omission disclosed by this record is not fatal to the indictment. No decision of this Court to which our attention has been called by the learned counsel of the defendant, or which we have found by our own research, sustains a contrary view.

It is true the convictions in Chappel's Case (8 Yer., 170), and in Henry's Case (4 Hum., 272), were set aside on account of an omission in the minutes of the Court, notwithstanding the original indictment in each case was on file, and in all respects properly indorsed. But the defect in each of these cases was *an entire absence of any entry of record showing that the indictment had been returned into Court by the grand jury.* The omission there was to show that the grand jury had done what the law declares must be done before any instrument, however indorsed, can become an indictment in contemplation of law. It was a failure of the record to show any sort of compliance with § 5926 of the Code, as to which the entry upon the minutes in the present case is reasona-

bly full.   The statute applied in those cases (Code, § 5926) is entirely different from the one (Code, § 4854, Sub-sec. 9) applicable to the point made in this case; and of necessity the decisions there made cannot be controlling here.

Though approved, the principle settled in the former of those cases was declared to go "to the very verge of the law" in *Blevins* v. *The State*, Meigs' R., 83.

The same objection was raised on behalf of the prisoner in *Calhoun* v. *The State*, 4 Hum., 478, and also in *Bennett* v. *The State*, 8 Hum., 123; but it was properly and emphatically overruled in each case, because the transcript of the minutes in each case showed a perfect compliance with the requirements, not only of the former, but also of the latter of the two statutes just mentioned—*first*, that the bill of indictment had been returned into open Court by the grand jury; *secondly*, a complete copy of the indictment, and all indorsements thereon, upon the minutes of the Court.

In the case of *Maples* v. *The State*, 3 Heis., 409, a similar objection was made, particular importance being attached to the word *open*, which did not appear upon the minutes.   The entry recited that the grand jury had "returned into Court" the indictment, but failed to state, in terms, that the Court was *open* at the time.   It was held that the language used was sufficient, and that it necessarily meant that the grand jury had returned the indictment *into open Court*.

Neither the original indictment nor the minutes of the Court, in the case of *Gunkle* v. *The State*, 6 Bax., 626, contained the indispensable indorsement, " A true bill," or the signature of the foreman of the grand jury.

In such a case, the holding was inevitable that the so-called indictment had no legal efficacy whatever, and that the defendant could not be held to answer it. There, the fatal defect lay in a noncompliance with still another statute, the first mentioned in this opinion, and being found in Code, § 5921.

Such are the most of our cases which can be said to relate, in any manner, to entries upon the minutes of the Court with respect to indictments; and it is readily seen that none of them raise or decide the question presented here.

There is another case, however—*Brown* v. *The State*, 7 Hum., 155—which *does* present precisely the same point raised by this record. At what stage of that case the question first arose—whether upon motion to quash, overruled and preserved on appeal after conviction, or upon motion for a new trial, or in arrest of judgment—cannot be ascertained from the report.

The statement of the case, and comment upon the statute, we give in the exact language of Judge Reese, who delivered the opinion of the Court: " The record in this case presents us with two copies of the indictment, one taken from the minutes of the Circuit Court record, the other from

the original indictment on file with the indorsements. The first copy does not contain the indorsement which was made upon the bill, to wit, 'A true bill, Samuel Seay, foreman of the grand jury.' The latter copy, from the indictment on file, does contain that indorsement. * * * The statute requiring indictments in cases of felony to be spread upon the minutes, proceeds upon cautionary and conservative grounds, because some indictments had been lost, and not with a view to fix a higher or an exclusive verity to the record from the minutes, which is indeed a copy by the Clerk from the original. And if there were any difference between them, both being in existence, perhaps the greater faith should be conceded to the original." 7 Hum., 155-6.

In a subsequent part of the opinion, the indictment was held to be good, and Brown's conviction was affirmed, notwithstanding the indorsement, "A true bill," and the name of the foreman of the grand jury thereto attached had not been transcribed upon the minutes of the Court.

It cannot be said of that case, any more than of this (and it is not true of either), that the omission in question was cured by anything else appearing upon the minutes of the Court; for there was but one entry upon the minutes in either case, and that was of the same legal import in each. It was made up of two parts—*first*, a recital that the indictment had been re-

turned into Court, and *secondly*, a copy of the indictment itself.

The recital in that case was as follows: "The grand jury return here into open Court a bill of indictment against George Brown, in words and figures following, to wit," etc. In this case, it is in these words: "This day came the grand jury for the State and filed in open Court the following bill of indictment, to wit," etc.

It may be further observed with respect to the Brown case, that it is authority not only for holding that the omission mentioned is not fatal to the indictment, but also for holding that the recital last quoted from the minutes in this case shows a sufficient compliance with § 5926 of the Code.

The judgment below is reversed and the case remanded.