Canupp *v.* State.

CANUPP *v.* STATE.

(*Knoxville.* November 13, 1896.)

1. INDICTMENT. *Return and indorsements.*

It is a fatal objection in this Court to a conviction for felony that the record fails to show that the indictment was returned into open Court by a grand jury or indorsed "a true bill," signed by the foreman. (*Post, p. 636.*)

Case cited: Gunkle *v.* State, 6 Bax., 625.

2. SAME. *Same.*

It is not cause for reversal of a conviction for felony that the record fails to show. that the indictment was returned into open Court by the grand jury, if the indorsement, "A true bill," signed by the foreman, be placed thereon. (*Post, p. 636.*)

Code construed: § 7217 (S.); § 6083, Subsec. 7 (M. & V.); § 5242 (T. & S.).

3. SUPREME COURT. *Suggestion of diminution in criminal case.*

Where, in a felony case, the defendant suggested, on the hearing, that the record failed to show that the indictment had been returned into Court or indorsed "a true bill," the attorney-general was permitted to suggest diminution and bring up a complete record. (*Post, p. 637.*)

FROM SEVIER.

Appeal from Circuit Court of Sevier County. W. R. HICKS, J.

E. E. Houk and Arthur Traynor for Canupp.

Attorney-general Pickle for State.

Snodgrass, Ch. J.    Canupp was indicted and con-
victed in the Circuit Court of Sevier County upon
an indictment charging him with larceny and receiv-
ing stolen property.    He was found guilty and
sentenced to four years in the penitentiary.    He
appealed.    When the case was called, no counsel
appearing for the prisoner, the Court appointed
Messrs. A. Traynor and E. E. Houk.    There was
no bill of exceptions, but an examination of the
records by his vigilant counsel · discovered that the
record failed to show any return of the indictment
into Court by the grand jury, and that the indict-
ment itself was not indorsed a true bill signed by
the foreman.    They urged this objection to the
validity of his conviction.    The point was well
taken and was a fatal objection to the record as
presented ( *Gunkle* v. *State*, 6 Bax., 625), but, on
suggestion of diminution, the Attorney-general brings
a more perfect record, which does show a return
of the indictment into Court, in the following lan-
guage:  "Came the grand jury into open Court,
headed by their foreman, and returned into Court
the following indictment, to wit: *The State* v. *George
Canupp*—indictment, larceny."    This statement does
not show whether it was returned a true bill or
not a true bill, but the same record contains also
a certified copy of the indictment, with its indorse-

Canupp v. State.

ment, and it is indorsed "A true bill. J. W. Sharp, Foreman of the Grand Jury." This cured the objection to the former record.

It is provided in § 6083, Subsec. 7, of the Code (M. & .V.), that " when a person indicted or presented for a criminal offense, is arraigned before a Court having jurisdiction of the matter, and pleads not guilty, and is tried upon the merits and convicted, he shall not be entitled to a new trial, or to an arrest of judgment, or to a reversal of the judgment for any of the following causes:  .  .  .

"7.  Because the Clerk omitted to enter upon the minutes of the Court that the grand jury returned the indictment into open Court, if the indictment shows upon its back that it was found 'a true bill.'"

There is, therefore, no valid objection to the judgment of the Circuit Court, and it must be affirmed.