Bird v. State.

BIRD v. STATE.

(*Knoxville.* October 18, 1899.)

1. INDICTMENT. *Indorsements.*

It is a fatal defect if the indictment, as copied into the transcript, fails to show the indorsement "a true bill," signed by the foreman of the grand jury. (*Post, p. 344.*)

Code construed: § 7055 (S.); § 5921 (M. & V.); § 5093 (T. & S.)

Cases cited: Gunkle v. State, 6 Bax., 626; State v. Herron, 86 Tenn., 448; Canupp v. State, 97 Tenn., 636.

2. SAME. *Same.*

In copying indictment upon the minutes and into the transcript on appeal, the Clerk should copy all indorsements found thereon. (*Post, pp. 344, 345.*)

Code construed: § 5892 (S.); § 4854 (M. & V.); § 4077 (T. & S.).

Cases cited: Brown v. State, 7 Hum., 155; State v. Herrin, 86 Tenn., 448.

3. SUPREME COURT. *Remanding for supply of papers.*

If it appears on suggestion of diminution that the omitted paper has been lost or mislaid, or is purposely concealed by an interested party, this Court will remand the cause for its supply and certification. (*Post, pp. 345, 346.*)

FROM CLAIBORNE.

Appeal in error from the Circuit Court of Claiborne County. W. R. HICKS, J.

OWENS & DIVINE for Bird.

ATTORNEY-GENERAL PICKLE for State.

CALDWELL, J. Cam Bird and William Brown are under conviction of murder in the second degree for killing Henry Gilbert. The indictment, as copied in the transcript, is fatally defective in that it is wanting in the indispensable indorsement, "A true bill," followed by the signature of the foreman of the grand jury. Code, Sec. 5093; M. & V., Sec. 5921; Shannon, Sec. 7055; *Gunkle v. The State,* 6 Bax., 626; *The State v. Herron,* 86 Tenn., 448; *Canupp v. The State,* 97 Tenn., 636.

Thus far the Attorney-general has been unable to cure the defect, as was done in the last named case by a second transcript supplying the omission. But, upon a suggestion of diminution and an order upon the clerk to send up a perfect record, it is made to appear that the original indictment cannot be found, having "been unintentionally lost or mislaid, or purposely concealed by an interested party."

This fact is disclosed by the affidavit of the present Clerk of the lower Court, who further swears, "that he has examined said original indictment divers times, and that it was properly indorsed, 'A true bill,' and signed by R. Greer, foreman of the grand jury, to the best of his knowledge and belief." R. Greer also makes an

affidavit, in which he says he was a member of
the grand jury which found the indictment; that
it had the words, "A true bill," indorsed upon
it, and that he, as foreman, signed that indorse-
ment.    William I. Davis, who was clerk when
the indictment was found, gives his affidavit.  He
says that "he remembers the occasion of the grand
jury returning into open Court the bill of in-
dictment 'in question;' that he examined said in-
dictment, and it is his best recollection that same
was indorsed, 'A true bill,' and said indorsement
signed by R. Greer, foreman of the grand jury."
He accounts for the failure to spread the indorse-
ment upon the minutes of the Court by saying
that the person writing for him at that time was
"unaccustomed to making entries on the minutes."

Though these affidavits are not parts of the
record in a technical sense, and cannot serve the
purpose of curing the defect in the indictment as
here presented, they afford ample basis for the
motion of the Attorney-general to remand the case
to the lower Court, to the end that the indict-
ment may be there supplied.    That motion is al-
lowed, and the case is remanded for that purpose.

It is well to remark, in conclusion, that this
embarrassment could not have occurred if the req-
uisite indorsement had been copied upon the min-
utes of the Court with the indictment, as the
statute requires.    Code, Sec. 4077, Subsec. 9; M.
& V., Sec. 4854, Subsec. 9; Shannon, Sec. 5892,

Subsec. 9. The full copy from the minutes in that case would be sufficient for the purposes of this Court; and, indeed, such a copy is sufficient for the trial below when the original indictment is lost. The object of the statute of enrollment was to meet the contingency of the loss of the original indictment. *Brown* v. *The State,* 7 Hum., 155; *The State* v. *Herron,* 86 Tenn., 448.

Remanded.