**STATE of Tennessee, Appellee,**

v.

**James Thomas JEFFERSON, Appellant.**

**C.C.A. No. 88-40-III.**

Court of Criminal Appeals of Tennessee, at Nashville.

Dec. 28, 1988.

Permission to Appeal Denied by Supreme Court April 3, 1989.

Charles E. Ray, Ray & Housch, Nashville, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Miriam Nabors Banks, Asst. Atty. Gen., Thomas H. Shriver, Dist. Atty. Gen., Nashville, for appellee.

OPINION

DWYER, Judge.

This is an appeal as a matter of right by James Thomas Jefferson from the David-

son County Criminal Court's denial of his petition for post-conviction relief on his claim of intentional racial discrimination in the method of selection of grand jury foremen in Davidson County. Specifically, petitioner alleges that blacks were systematically excluded from serving as grand jury foremen at the time of his indictment.

The record reveals that in July of 1968, the petitioner was indicted for first-degree murder, rape, and two counts of assault with intent to kill. The petitioner was tried and convicted of murder in the first degree and punishment was fixed at life imprisonment. On appeal, the Court of Criminal Appeals affirmed as to the sufficiency of the evidence issue, but remanded the case to the trial court for a more detailed hearing on the appellant's pretrial plea in abatement issue attacking the composition of the grand jury. *State v. Jefferson,* 529 S.W.2d 674, 677 (Tenn.1975).

The trial court, on remand, held there was no intentional racial discrimination or systematic exclusion of blacks in the method of selection of grand jury members. The petitioner appealed and the Court of Criminal Appeals affirmed the decision of the trial court. *State v. Jefferson,* 559 S.W.2d 649, 651 (Tenn.Crim.App.1977). The Tennessee Supreme Court denied certiorari.

The petitioner then filed a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, in the United States District Court for the Middle District of Tennessee at Nashville, alleging systematic exclusion of blacks from the grand jury and petit jury which convicted him. For the first time, appellant also alleged a new issue, intentional racial discrimination in the method of selection of grand jury foremen. The State filed a motion to dismiss on failure to exhaust grounds. The District Court overruled the State's motion to dismiss and thereafter held that the systematic exclusion of blacks from the grand jury violated the appellant's Fourteenth Amendment equal protection rights and ordered that Jefferson's indictment be quashed and that he be reindicted or released within ninety days.

The State appealed and the Sixth Circuit for the United States Court of Appeals reversed the trial court on the grounds the appellant had not exhausted his state remedies on the question of whether there was intentional racial discrimination in the method of selecting grand jury foremen in Davidson County. On August 26, 1986, the appellant filed a petition for post-conviction relief pursuant to T.C.A. § 40–30–101, *et seq.,* asking that his 1971 first-degree murder conviction and punishment of life imprisonment be set aside. On September 11, 1987, the trial court entered its order, and memorandum in support thereof, denying the appellant's petition for post-conviction relief.

■ The petitioner now complains that the trial court ignored the import of *Rose v. Mitchell,* 443 U.S. 545, 99 S.Ct. 2993, 61 L.Ed.2d 739 (1979) which stands for the proposition that the equal protection clause of the Fourteenth Amendment is violated if the key man system of selecting grand jury foremen is used to systematically exclude blacks. Among other authority, petitioner further relies upon *Hobby v. United States,* 468 U.S. 339, 104 S.Ct. 3093, 82 L.Ed.2d 260 (1984) wherein the United States Supreme Court states that grand jury foremen in Tennessee possess "virtual veto power over the indictment process." 468 U.S. at 344, 104 S.Ct. at 3098, 82 L.Ed. 2d at 265. It is the State's position that the role of the grand jury foreperson in Tennessee is ministerial and administrative and that the vote of the grand jury foreperson is but one vote, co-equal with other grand jurors and does not impact disproportionately upon the defendant relative to other votes by members of the grand jury.

■ Before the court in the post-conviction evidentiary hearing was the question of whether there was, pursuant to the petitioner's unexhausted claim, a systematic exclusion of blacks as grand jury fore-

persons in Davidson County violative of the petitioner's Fourteenth Amendment equal protection rights. In reaching this decision the trial court, as a threshold consideration, was required to determine whether the question regarding the selection of grand jury forepersons and that concerning the selection of the entire grand jury presented separate and distinct issues.

The trial court found that, in this context, no significant distinction could be drawn between the power of the foreman and the other members of the grand jury, hence the charge of discrimination with respect to the selection of the foreman provided no separate basis upon which to collaterally attack petitioner's conviction. Instead, the trial court concluded that the issue of the systematic exclusion of blacks in the selection of the foreman is subsumed by the issue of the systematic exclusion of blacks in the selection of the grand jury as a whole.

We are in agreement with the findings of the trial court for the following reasons. First, the State presented unrefuted expert testimony at trial that the role of Tennessee's grand jury foreman is substantially ministerial and clerical in nature. For the period in question foremen did not have, and do not presently have, "virtual veto power" over the grand jury as a whole. *See Hobby v. United States, supra.* With due respect to the dicta of the United States Supreme Court in *Hobby* suggesting otherwise, the proof adduced at trial supports the State's contention.

█ In Tennessee, the foreman is the spokesperson for the grand jury and has the same voting power as any other grand jury member. *Bolen v. State,* 544 S.W.2d 918, 920 (Tenn.Crim.App.1976). Not only does the foreman not have the power to veto an indictment, his authority, within this context, is no greater than any other member of the grand jury venire. *State v. Collins,* 65 Tenn. 151, 153–54 (1873). *See also Applewhite v. State,* 597 S.W.2d 328 (Tenn.Crim.App.1979); *Bird v. State,* 103 Tenn. 343, 52 S.W. 1076 (1899); *State v.*

*Chambless,* 682 S.W.2d 227 (Tenn.Crim. App.1984). The above holding is bolstered by the observation of this Court in *State v. Chambless* that the Supreme Court in *Hobby* "greatly exaggerated" the powers of the Tennessee grand jury foreman.

Secondly, again with all due respect, we agree with the State's contention that the Supreme Court's interpretation of the role and power of the grand jury foreperson in Tennessee is the result of a misperception commencing with footnote 2 in *Rose v. Mitchell, supra,* and carried over without any other citation in *Hobby v. United States, supra. Rose* involved a federal habeas corpus proceeding wherein Tennessee litigants claimed they were victims of racial discrimination, in violation of the equal protection clause of the Fourteenth Amendment, in the selection of the grand jury which indicted them for murder in the first degree. At issue was the question of whether the claim of the grand jury discrimination constituted harmless error when raised by a defendant found guilty beyond a reasonable doubt by a petit jury trial, free of reversible error.

Clearly, the role or power of Tennessee's grand jury forepersons was not at issue in *Rose* and no evidence was adduced at trial related thereto. The Supreme Court in *Rose* did state that for the purposes of that case it could be assumed that the Tennessee method of selecting a grand jury foreperson suggests potential for abuse. 443 U.S. at 566, 99 S.Ct. at 3005. However, nowhere in the majority opinion does the Court in *Rose* conclude that the Tennessee grand jury foreperson has virtual veto power over the indictment proceedings.

*Hobby v. United States, supra,* which did not involve Tennessee litigants or matters of Tennessee law, decided the narrow question of whether discrimination in the selection of a federal grand jury forepersons required reversal of a valid conviction of a white male and the dismissal of the indictment against him. 468 U.S. at 340, 104 S.Ct. at 3094. Although the Court in *Hobby* did not address an issue of Ten-

nessee law, it appears to have given rise to a misperception and groundless assumption of the authority of the grand jury foreperson in Tennessee. See 468 U.S. at 346–347, 104 S.Ct. at 3097–3098. With deference to our United States Supreme Court, in *Hobby* it appears that the Court relied merely upon the aforementioned footnote in *Rose*, without citation to authority, and surmised that the Tennessee grand jury foreperson had powers greater than those bestowed by statute or exercised *de facto*.

Thirdly, in *Jefferson v. State*, 559 S.W.2d 649 (Tenn.Crim.App.1977), this Court considered petitioner's charge alleging the systematic exclusion of blacks from both the grand and petit juries in Davidson County. Speaking for the Court, Presiding Judge Walker noted that for the period of 1952 through 1971, the grand jury selection process survived constitutional scrutiny from at least three separate courts. Specifically, the Court found as follows:

> On the contrary, two permanent members of that jury were black, and a black alternate was available. The percentage of blacks to the total population eligible for jury duty was 15.4, not far from the average for the county. There was no substantial underrepresentation of his group on this grand jury. With the alternate considered, at times during that term 23 percent blacks were available for the grand jury. There is no substantial disparity here which would suggest any discriminatory purpose or that blacks had been systematically excluded from Davidson County grand juries.

Based upon this, the Court concluded that there was no systematic exclusion of blacks on the grand jury which indicted the appellant, nor any abridgment of appellant's rights under the equal protection clause of the Fourteenth Amendment.

In short, we find that the issue of discrimination in the selection of Tennessee's grand jury foremen is inherent in the question considered previously by this Court in *Jefferson v. State, supra*. The issues raised in the instant petition, therefore,

have been previously determined. T.C.A. § 40–30–112(a).

Accordingly, the judgment of the trial court is affirmed.

BIRCH, J., concurs.

WADE, J., dissents.

WADE, Judge, dissenting.

I must dissent from the view of the majority. If an evidentiary hearing were to establish that the process of selecting any one of the grand jury or its foreman is racially discriminatory, there exists an unacceptable risk of taint to the grand jury as a whole.

Grand jurors in Tennessee are chosen at random, from a list of qualified potential jurors compiled by jury commissioners:

> Tenn.Code Ann. § 22–2–302. **Selection of names for jury list—Jury book—Jury box—Method of selection in Shelby County.**—(a)(1) Said board of jury commissioners shall meet in the circuit court clerk's office at a time fixed by the judge or judges appointing said board, and on the first Monday in the month in which such original meeting is held every two (2) years thereafter, and shall then and there select, from the tax records and the permanent registration records of the county, or other available and reliable sources, a list of names of upright and intelligent persons known for their integrity, fair character and sound judgment who are otherwise legally qualified to serve as jurors from each district in the county and in proportion to the population of such districts, as near as may be, to serve as jurors in the circuit and criminal courts of such county for the ensuing two (2) years.

(1980 Replacement, formerly Tenn.Code Ann. § 22–228)

> Tenn.Code Ann. § 22–2–304. **Drawing of names from jury box for jury service.**—(a)(1) On Monday, two (2) weeks before each regular or special term of the criminal court or circuit court in

counties where such court is held, said board shall unlock the jury box and break the seal thereof, and after well shaking the same, cause to be drawn therefrom in the presence of the board and the clerk, by a child under ten (10) years of age, that number of names which the presiding judge of said court shall have directed to be drawn, to constitute the regular panel of grand and petit jurors for such term of court.

[Formerly governed by § 40–1501 and 40–1502—(Repealed, 1979 Ch. 399 § 1).]

The foreman[1] is appointed by the judge of the court having criminal jurisdiction:

Rule 6(g), Tenn.R.Crim.P. **Appointment, Qualifications, Term, Compensation, Vote, and Duties of Foreman.**— The judge of the court authorized by law to charge the grand jury and to receive the report of that body shall appoint the foremen of the grand juries in the counties of their respective jurisdictions. If concurrent grand juries are impaneled, a foreman shall be appointed for each grand jury. Every person appointed as a foreman shall possess all the qualifications of a juror.

[Formerly governed by Tenn.Code Ann. § 40–1506 (repealed 1979 Ch. 399 § 1).]

This difference in selection is critical on the issue presented by this appeal. Because grand jurors are chosen in a manner different from their foremen, any discrimination in the selection process of the former will not necessarily apply to the latter. The converse is equally true. In my view, whether the judge has appointed the grand jury foreman in a racially discriminatory manner is a separate question altogether from whether the grand jury list was so selected.

In *Rose v. Mitchell*, 443 U.S. 545, 99 S.Ct. 2993, 61 L.Ed.2d 739 (1979), the United States Supreme Court assumed for purposes of that case, "that the Tennessee method of selecting a grand jury foreman is susceptible of abuse." The essence of the ruling is as follows:

> Because discrimination on the basis of race in the selection of members of a grand jury strikes at fundamental values of our judicial system and our society as a whole, a criminal defendant's right to equal protection of the laws is denied when he is indicted by a grand jury from which members of a racial group have been purposefully excluded.

*Id.* 99 S.Ct. at 2995.

In my opinion, the defendant should at least be permitted the opportunity to demonstrate that an abuse in the selection of the grand jury foreman has, in fact, occurred.

The role of Tennessee's grand jury foreman is in large part ministerial or clerical in nature. For the period in question, foremen did not appear to have (nor do they presently have) "virtual veto power over the grand jury as a whole." *See, contra, Hobby v. United States,* 468 U.S. 339, 104 S.Ct. 3093. With due respect to the dicta of the United States Supreme Court in *Hobby,* this court has previously concluded that no such authority rests in the foreman. *See State v. Chambless,* 682 S.W.2d 227 (Tenn.Crim.App.1984); *Applewhite v. State,* 597 S.W.2d 328 (Tenn.Crim.App. 1984). The fact that the foreman's authority is limited, however, does not mean that his chore, or those of the other grand jurors, is insignificant. Nor does it excuse a discriminatory selection process.

The extent of the power a foreman possesses, as I understand, is not controlling on this issue. The trial court, in my view, did not err by its interpretation of the authority provided the foreman but by its determination that, because foremen in Tennessee had no powers above those of other grand jurors, the issue of his selection had previously been determined by the review on direct appeal of the method used

---

1. The rule provides no gender neutral terminology; thus the references in this opinion are to "foreman" or "foremen."

to choose the grand jury. *See State v. Jefferson,* 559 S.W.2d 649 (Tenn.Crim.App. 1977).

When this court considered on the first appeal the defendant's complaint about the selection of grand jurors, no issue was made of either the racial background of the foremen that sat on the grand juries in Davidson County or the procedure implemented by the trial judge in their selection. *See Id.* The court in *Jefferson* did not have before it an appropriate record to address the question of foreman selection.

While I do not reject the view of this court in its challenge to the accuracy of the the United States Supreme Court's interpretation of the Tennessee foremen's authority (see *Hobby* and *Jefferson* ), I believe that there is a significant difference in the selection of foremen in the federal system and those selected under the Tennessee procedure. *Id.* 468 U.S. at 347, 104 S.Ct. at 3098. In *Hobby,* the court held that in the federal system, where a foreman is chosen from a duly constituted grand jury and his or her duties are merely clerical in nature, there was no risk of distortion in the overall composition of the grand jury or taint in the operation of the judicial process. If Tennessee had implemented the federal system at the time of the defendant's indictment, the issue in this case would have been resolved by the earlier ruling.

The Tennessee system does not, however, necessarily preclude the possibility of taint in the selection of the foreman even though the manner in which the other grand jurors are chosen is free of impermissible discrimination. The judge may appoint the foreman from the public at large so long as he or she meets the qualifications of a grand juror. Even though the grand jurors may be chosen in a completely non-discriminatory fashion, there exists at least the possibility that those of certain racial or ethnic backgrounds are specifically and systematically excluded from service as foremen. In my analysis, the defendant should be afforded the opportunity to present any evidence of his claim through the post-conviction procedure.

I would note that the defendant's claim has not been waived under Tenn.Code Ann. § 40–30–112(b). His conviction occurred in 1971. His direct appeal was decided in 1975, four years before the decision in *Rose v. Mitchell,* 443 U.S. 545, 99 S.Ct. 2993. The petitioner did attack the racial composition of the grand jury by his plea in abatement. Prior to *Rose,* no precedent existed for the separate issue of whether the grand jury foreman was chosen in a discriminatory manner. Under these circumstances, there could not have been an informed waiver of the issue.