# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### SEPTEMBER SESSION, 1997

FILED

October 2, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

JOHN C. TOMLINSON,      )
                                )   No. 03C01-9610-CR-00389

     Appellant       )

                                )   JOHNSON COUNTY

vs.                       )

                                )   Hon. LYNN W. BROWN, Judge

HOWARD CARLTON, Warden,  )
and STATE OF TENNESSEE,   )   (Writ of Habeas Corpus)

                                )

     Appellee        )

For the Appellant:

John C. Tomlinson, *Pro Se*
99306 NECC POB 5000
Mountain City  TN  37683

For the Appellee:

Charles W. Burson
Attorney General and Reporter

Michael J. Fahey, II
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

(AT TRIAL AND ON APPEAL)

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

**O P I N I O N**

The appellant, John C. Tomlinson, appeals the trial court's dismissal of his *pro se* petition for writ of habeas corpus. In April 1983, the appellant was convicted in the Davidson County Criminal Court of aggravated kidnaping and two counts of robbery with a deadly weapon. For these convictions, he was sentenced to 30 years imprisonment. In December 1983, the appellant was convicted in the Wilson County Criminal Court of aggravated rape and armed robbery resulting in sentences totaling 35 years. The appellant is currently confined at the Northeast Correctional Center where he is serving an effective sentence of 65 years for the convictions from both counties. The appellant now appeals the trial court's dismissal of his petition for writ of habeas corpus. Specifically, the appellant contends that the trial court's summary dismissal denied him his right to due process of the law.

We affirm the judgment of the trial court.

At the outset, we note that the appellant misconstrues the procedural requirements involved in the issuance of writs of habeas corpus. Briefly, to obtain such relief in Tennessee, a "prisoner" must submit an application, in the form of a petition, for the issuance of a writ to the court most convenient in location to the "prisoner." See Tenn. Code Ann. § 29-21-101, -105, -107 (1980). If, from the face of the petition, the reviewing court finds nothing to indicate that the appellant's challenged convictions might be void, the court shall dismiss the petition and refuse the issuance of the writ.[1] See Tenn. Code Ann. § 29-21-101, -109. Therefore, it follows that if the writ is refused, a hearing on the petition is precluded, thereby eliminating the necessity of any response from the State. See State v. Harris, No. 01C01-9309-CR-00304 (Tenn. Crim. App. at Nashville, Nov. 10, 1994); Archer v.

---

[1]Additionally, we note that habeas corpus proceedings are essentially civil in nature. Thus, the Rules of Civil Procedure are applicable where consistent with Tenn. Code Ann. § 29-21-101 et seq. Tenn. R. Civ. P. 12 provides trial courts the authority to dismiss complaints *sua sponte* when the pleadings thereon fail to state a claim upon which relief can be granted.

State, 851 S.W.2d 157, 164 (Tenn. 1993); Russell v. State ex rel. Willis, 437 S.W.2d 529, 531 (Tenn. 1969). The trial court was acting within its discretion when it dismissed the appellant's petition. This issue is without merit.

Although we find the appellant's issue as it is framed on appeal without merit, we elect to address the contentions raised in his petition for writ of habeas corpus. Specifically, the appellant asserts that the judgments entered against him are void because the indictments failed to allege the *mens rea* of the offenses charged in each of the above noted convictions. Moreover, the appellant asserts that his indictments are void because the district attorney general failed to sign each count of the indictment. The trial court properly dismissed the petition on the basis that the law in effect before November 1, 1989 did not require the state to prove a culpable mental state. The court also stated that the appellant's claim was not one which is appropriate for habeas corpus relief.

Initially, as the trial court stated, we note that allegations concerning the sufficiency of the indictment are not the proper subject of habeas corpus relief. See Haggard v. State, 475 S.W.2d 186, 187 (Tenn. Crim. App. 1971); Brown v. State, 445 S.W.2d 669, 674 (Tenn. Crim. App. 1969); Barber v. State, No. 01C01-9408-CR-00281 (Tenn. Crim. App. at Nashville, Feb. 23, 1995). In the alternative, the appellant asks us to consider his petition as one that is appropriate for post-conviction relief. However, the appellant's case is also inappropriate for post-conviction relief. His claim is barred by the statute of limitations due to the fact that the last judgment entered against him occurred more than three years ago. See Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994). Even if the appellant's claim had not been time barred, the trial court was without jurisdiction to consider the appellant's post-conviction claim. A post-conviction claim must be filed within the county in which the judgment was entered. Tenn. Code Ann. § 40-30-204(a).

Moreover, we find the substance of the appellant's claim to be without merit. The appellant's reliance on State v. Roger Dale Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App. June 20, 1996) and State v. Nathaniel White, 03C01-9408-CR-00277 (Tenn. Crim. App. at Knoxville, June 7, 1995) is misplaced. The decisions in Hill and White involve post-1989 indictments and specifically address Tenn. Code Ann. § 39-11-301(c)(1989) (requirement of a culpable mental state). The appeal now before this court involves a pre-1989 Code indictment. Prior to 1989, the Code did not contain a provision comparable to Tenn. Code Ann. § 39-11-301(c). Accordingly, the decisions in Hill and White do not control review of the issue before us.

On the dates of the offenses in this case, aggravated rape, aggravated kidnaping, and armed robbery were crimes that required a defendant to have an "unlawful" or "felonious" intent. Tenn. Code Ann. §§ 39-2-603(a)(2) (1982); Tenn. Code Ann. § 39-2-301(1982); Tenn. Code Ann. § 39-2-501 (1982). In the present case, the counts contained within the respective indictments charged that the appellant did "unlawfully" and "feloniously" commit each separate crime. This language was sufficient under the law as it existed at the time. See Campbell v. State, 491 S.W.2d 359, 361 (Tenn. 1973) (an indictment using the words "feloniously" or "unlawfully" is sufficient). This issue is without merit.

The appellant also contends that his indictment is insufficient to support his convictions because the district attorney general failed to sign each count of the indictment. The appellant's argument is misplaced. Contrary to the appellant's assertion, the record contains *one* indictment from Davidson County, number 83-W-185, listing eight separate counts. The record does *not* contain eight separate indictments.[2] The district attorney general's signature on the last page of the

---

[2]The appellant bases his contention on Usary v. State, 112 S.W.2d 7, 9 (Tenn. 1938). However, he misreads the import of this case. Specifically, the case stands for the fact that the State must prove *each* element of *each* count in an indictment. Also, the court reiterates that a jury may return a verdict finding a defendant guilty of some counts and not guilty of other counts in

4

indictment is sufficient. In any case, the appellant's assertion is barred from our consideration by statute. Pursuant to Tenn. R. Crim. App. 12(b)(2), any objection based on a defect in the indictment must be made prior to trial. The appellant made no such assertion. See Applewhite v. State, 597 S.W.2d 328, 330 (Tenn. Crim. App. 1979). This issue is also without merit.

The trial court's dismissal of the appellant's petition for writ of habeas corpus is affirmed.

_____
DAVID G. HAYES, Judge


CONCUR:


_____
JOHN H. PEAY, Judge


_____
WILLIAM M. BARKER, Judge

---

the same indictment. This case does not require a district attorney general to sign each count of an indictment.