IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

OCTOBER 1999 SESSION



**FILED**

**December 16, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

STATE OF TENNESSEE,    )
              )
  Appellee,      )
              )
v.            )
              )
ROY LAVERNE MORRIS, JR.,  )
              )
  Appellant.      )

C.C.A. No. W1999-01628-CCA-R3-CO

Lake County

Honorable R. Lee Moore, Jr., Judge

(Habeas Corpus)

FOR THE APPELLANT:

ROY L. MORRIS, *pro se*
NWCX, Site 2, Annex
Route 1, Box 660
Tiptonville, TN 38079

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

J. ROSS DYER
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

C. PHILLIP BIVENS
District Attorney General
115 East Market Street
P. O. Box E
Dyersburg, TN 38025-2005

OPINION FILED: _____

AFFIRMED

ALAN E. GLENN, JUDGE

**O P I N I O N**

The petitioner, Roy Laverne Morris, Jr., was convicted in 1989, in the Fayette County Circuit Court of aggravated rape and sentenced to fifty years as a Range II offender. Following a direct appeal, the conviction and sentence were affirmed.

Subsequently, he filed a petition for post-conviction relief, alleging ineffective assistance of counsel. That petition was dismissed by the trial court, the dismissal later being affirmed on appeal. The petitioner has now filed a petition for writ of habeas corpus, claiming that his trial counsel was ineffective for failing to object to the fact that the Fayette County Grand Jury, which indicted him on the aggravated rape charge, was allegedly illegally composed and empaneled, no minority having served as foreperson in twenty-five years. His petition for writ of habeas corpus was denied by the trial court and he filed a timely appeal. Based upon our review, we affirm the judgment of the trial court.

## FACTS

The petitioner, Roy Laverne Morris, Jr., was indicted in November 1988, by the Fayette County Grand Jury for the aggravated rape of a two-year-old girl. He was convicted of this offense on August 15, 1998, as a Range II offender and sentenced to confinement for fifty years. That conviction was affirmed by this court in State v. Roy Laverne Morris, No. 02C01-_____, 1991 WL 16289 (Tenn. Crim. App., Jackson, Feb. 13, 1991).

Subsequently, the petitioner filed a petition for post-conviction relief, alleging ineffective assistance of counsel. That petition was denied by the trial court, the denial later being affirmed on appeal in Roy L. Morris, Jr. v. State, No. 02-C-01-9408-CR00050 (Tenn. Crim. App., Jackson, Sept. 21, 1994).

The petitioner then filed a petition for writ of habeas corpus in the Lake County Circuit Court, alleging that his trial counsel was ineffective for failing to challenge the indictment against him because the Fayette County Grand Jury was "illegally composed and un-constitutionally empaneled." The grand jury was defective, according to the petitioner, because no minority has served as the grand jury foreperson in Fayette County. The trial court entered an order denying the petition for writ of habeas corpus, and the petitioner filed a timely appeal, alleging as error that the trial court should have ordered an evidentiary hearing following the filing of his petition and that the State of Tennessee should have been required to file a response before the petition was dismissed.

## ANALYSIS

In Tennessee, habeas corpus relief is available only in limited circumstances, which do not include ineffective assistance of counsel or alleged improprieties in the selection of a grand jury foreperson:

> Habeas corpus relief is available in Tennessee only when "it appears upon the face of the judgement or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence or imprisonment or other restraint has expired.

Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

Thus, the petitioner's claims of ineffective assistance of counsel and utilization of an alleged illegal selection process for the foreperson of the grand jury can be addressed only in a petition for post-conviction relief, not a petition for writ of habeas corpus. That being the case, we will next determine whether these claims can be maintained as a petition for post-conviction relief.

The Post-Conviction Procedure Act allows an inmate to file only one petition for relief:

> This part contemplates the filing of only one (1) petition for post-conviction relief. In no event may more that one (1) petition for post-conviction relief be filed attacking a single judgment. If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed. A petitioner may move to reopen a post-conviction proceeding that has been concluded, under the limited circumstances set out in § 40-30-217.

Tenn. Code Ann. § 40-30-202(c).

In the petitioner's first petition for post-conviction relief, the trial court dismissed his claims, following an evidentiary hearing. Affirming that dismissal, this court ruled:

> The evidence presented by the appellant and the evidence presented by the state is in direct conflict and cannot be reconciled. The trial court accredited the evidence presented by the state. Based upon a review of the record, the evidence does not preponderate against the findings made by the trial court.

Roy Morris, Jr., v. State, No. 02-C-01-9408-CR00050 (Tenn. Crim. App., Jackson, Jackson, Sept. 21, 1994).

Thus, the petitioner cannot maintain this action as a petition for post-conviction relief either, since it would be his second such petition, as well as the second time that he has made a claim of ineffective assistance of counsel, although this time he has alleged a different inadequacy. Thus, the petitioner's present claim cannot be considered. However, even if the claim could be considered, it would be without merit. Our supreme court recently considered an identical claim regarding alleged "racial discrimination in the

selection of the [Giles County] grand jury foreperson" and found it to be without merit.  In State v. Bondurant, ___S.W.2d ___ (Tenn. 1999), our supreme court considered the defendant's claim that, although twelve percent of the adult population of Giles County is African-American, no African-American had served as foreperson of the county grand jury from 1919 to 1990.  Noting that a similar claim had been raised and rejected in State v. Jefferson, 769 S.W.2d 875 (Tenn. Crim. App. 1988), perm. app. denied (Tenn. 1989), the court stated:

> We agree with intermediate appellate court's discussion of Rose and Hobby and therefore hold that the role of the grand jury foreperson in Tennessee is ministerial and administrative. We also reject the defendant's claim that Campbell v. Louisiana, ___U.S. ___, 118 S.Ct. 1419, 140 L.Ed.2d 551 (1998) requires that the indictment be quashed. As we read Campbell, the method of selection of the grand jury foreperson is relevant only to the extent that it affects the racial composition of the entire grand jury.  Here, the defendant offered no proof as to the racial composition of the entire grand jury. In addition, we note that the disputed issue in Campbell was whether a while defendant has standing to claim discrimination against African-Americans in the selection of grand jurors. Louisiana law, rather than Tennessee law, was at issue. Accordingly, we hold that the defendant has failed to establish a prima facie claim because he failed to offer proof showing that racial discrimination tainted the entire grand jury. We, therefore, reject the defendant's claim that his indictment must be quashed.

State v. Bondurant, ___S.W.2d ___, 23* (Tenn. 1999).


Thus, were we able to consider the petitioner's claim regarding the selection of a grand jury foreperson, it would be dismissed as without merit, based upon the holding in Bondurant. That being the case, ineffective assistance of counsel did not occur when trail counsel did not raise such claims.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the order of the trial court dismissing the petitioner's petition for writ of habeas corpus.


_____
ALAN E. GLENN, JUDGE


CONCUR:


_____
JOHN H. PEAY, JUDGE

_____
NORMA McGEE OGLE, JUDGE