**UNITED STATES of America**

v.

**Donald Lorrin CRONN.**

**No. CR 3–82–071.**

United States District Court,
N.D. Texas,
Dallas Division.

Aug. 4, 1982.

Micheal P. Heiskell, Asst. U.S. Atty., Dallas, Tex., for plaintiff.

Arch McColl, III, Dallas, Tex., for defendant.

MEMORANDUM OPINION AND ORDER

ROBERT W. PORTER, District Judge.

This case is presently before the Court on Defendant's motion to make available to the Defendant and his counsel the records of grand jury selection. Defendant wants to adduce evidence to support his motion to dismiss the indictment based on discriminatory selection of grand jury foremen. Defendant relies solely on the Fifth Amendment. If Defendant has a right to a dismissal of the indictment on the basis of discriminatory selection of grand jury foremen, it follows that he has a right to have access to the records of grand jury selection. Therefore, the issue before the Court is whether Defendant would be entitled to a dismissal of the indictment, assuming an appropriate showing of discrimination in the selection of grand jury foremen and further assuming the government fails to rebut such showing.

I. STANDING

Defendant is a white male. He alleges that during the period from 1970 through 1982, members of constitutionally recognizable minority groups have been unconstitu-

tionally precluded from service as grand jury foremen. The Fifth Circuit has never directly been faced with the issue of whether a non-minority has standing to assert an equal protection claim based on the underrepresentation of minorities on a grand jury. Two district courts have denied standing in this situation based on the following language from *Castaneda v. Partida,* 430 U.S. 482, 494, 97 S.Ct. 1272, 1280, 51 L.Ed.2d 498 (1977), quoted in *Rose v. Mitchell,* 443 U.S. 545, 565, 99 S.Ct. 2993, 3004, 61 L.Ed.2d 739 (1979): "Thus, in order to show that an equal protection violation has occurred in the context of grand jury selections, the defendant must show that the procedure employed resulted in substantial underrepresentation *of his race or of the identifiable group to which he belongs." (emphasis added).* However, this Court finds the reasoning in *U.S. v. Perez-Hernandez,* 672 F.2d 1380 (11th Cir.1982) and *U.S. v. Breland,* 522 F.Supp. 468 (N.D.Ga. 1981) more persuasive on this point. These opinions rely on *Peter v. Kiff,* 407 U.S. 493, 92 S.Ct. 2163, 33 L.Ed.2d 83 (1972) wherein the Supreme Court concluded the following:

> In light of the great potential for harm latent in an unconstitutional jury-selection system, and the strong interest of the criminal defendant in avoiding that harm, any doubt should be resolved in favor of giving the opportunity for challenging the jury to too many defendants, rather than giving it to too few.

■ As pointed out by the 11th Cir. in *Perez-Hernandez, supra,* at 1386 "[t]he holding in *Peters v. Kiff* is clear and unambiguous and has never been expressly overruled." Although the *Castaneda* and *Rose* opinions are more recent, in each case the defendant was in fact a member of a minority group. Thus, the issue of whether a non-minority in fact has standing to assert underrepresentation of minorities has not been directly reassessed by the Supreme Court. Under the Supreme Court authority outlined above, I believe that a non-minority has standing to assert a challenge to the minority representation on a grand jury. However, because I conclude in Part II of this memorandum opinion that the duties of

the grand jury foreman are ministerial and not of constitutional significance, it is not necessary to this ruling to determine standing.

## II. SELECTION OF GRAND JURY FOREMEN

The issue of whether a federal defendant has a right to challenge the selection of the grand jury foreman has never been squarely faced by the Supreme Court. This issue has been addressed by only one Circuit Court. *United States v. Perez-Hernandez,* 672 F.2d 1380 (11th Cir.1982). The Eleventh Circuit Court held that the defendant does have a right to nondiscriminatory selection of federal grand jury foremen under the 5th Amendment. This result was reached through analogy to 14th Amendment cases which have held that a state defendant has a right to challenge a discriminatory selection of foremen which is co-equal to the right to challenge discriminatory selection of the grand jury members. *Guice v. Fortenberry,* 661 F.2d 496 (5th Cir.1981) *per curiam.*

The Supreme Court assumed in *Rose v. Mitchell,* 443 U.S. 545, 99 S.Ct. 2993, 61 L.Ed.2d 739 (1979) that a conviction must be set aside for discrimination in the selection of grand jury foremen in the context of a 14th Amendment challenge to the selection process used in Tennessee. In *Guice v. Fortenberry,* 661 F.2d 496 (5th Cir.1981), the Fifth Circuit accepted this assumption. However, *Rose* and *Guice* are not controlling under the facts of this case.

Both *Rose* and *Guice* involved challenges to state selection procedures for grand jury foremen. In the *Rose* case the foreman was chosen by the judge from the entire population. The foreman was then added to the randomly chosen grand jury as a thirteenth member. In *Guice* the foreman was selected from the 40 member venire and then the remaining 11 members of the grand jury was selected randomly from the remaining 39 veniremen. Thus, each case presents a situation where discrimination in selection of the foreman may result in a

discriminatorily selected grand jury as a whole. This is not the case in the federal selection of a grand jury foreman. A panel of 23 grand jury members is first selected in a manner which is not challenged here. From this presumptively fair cross-section of the population one member is selected by a judge to act as foreman. There is no chance that discrimination in the selection of the foreman would upset the balance of the grand jury by adding a discriminatorily selected member.

The nature of the duties and the power of the grand jury foreman is significantly different in the federal system than under the facts of either *Rose* or *Guice.* The Tennessee grand jury foremen challenged in *Rose* aid the district attorney in investigating criminal activity, may issue subpoenas, and must sign an indictment in order to prevent a fatal defect in the indictment. *See Rose v. Mitchell,* 443 U.S. at 548 n. 2, 99 S.Ct. at 2996 n. 2; *Bird v. State,* 103 Tenn. 343, 52 S.W. 1076 (1899). The Louisiana grand jury foremen challenged in *Guice* are likewise charged with an active role in the pursuit of criminal activities. *Guice, supra* at 511. On the other hand a federal grand jury foreman merely administers oaths, signs indictments and keeps clerical records. *See* Rule 6 of the Federal Rules of Criminal Procedure. These are clearly simply ministerial duties. Because I find that the duties of a federal grand jury foreman are not constitutionally significant, I hold that Defendant Donald Lorrin Cronn does not have a right under the 5th Amendment to challenge selection of grand jury foremen as discriminatory.

In conclusion, I find that the position of a federal grand jury foreman is very different from the position of the state grand jury foremen challenged in *Rose* and *Guice,* and thus these cases are not controlling. I further find that the position of a federal grand jury foreman is not constitutionally significant. Therefore, the Defendant in this case has no cause of action under the 5th Amendment to challenge the selection procedure used for federal grand jury foremen. It is accordingly

ORDERED that Defendant Cronn's motion to make available the records of grand jury selection for the purpose of adducing evidence in aid of Defendant's motion to dismiss the indictment based on discriminatory selection of grand jury foreman be and hereby is DENIED in all things.