IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 25, 2012

**SIDNEY CLEVE METCALF v. DAVID SEXTON, WARDEN**

**Appeal from the Criminal Court for Johnson County**
**No. 5952    Robert E. Cupp, Judge**

**No. E2011-02532-CCA-R3-HC - Filed August 20, 2012**

The Petitioner, Sidney Cleve Metcalf, appeals the Johnson County Criminal Court's summary dismissal of his petition for writ of habeas corpus. In this appeal, the Petitioner claims entitlement to habeas corpus relief because of alleged defects in the indictment. The crux of his argument is that his indictment is invalid because it did not allege all of the elements of the offense of aggravated rape, i.e., that the penetration of the victim was accomplished while being armed with a weapon. He also contends that he is entitled to relief because the grand jury foreman did not sign the indictment. We conclude that there is no error in the judgment of the habeas corpus court and affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Sidney Cleve Metcalf, Mountain City, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Leslie E. Price, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**
FACTUAL BACKGROUND

The Petitioner was convicted by a Greene County jury of three counts of aggravated rape, and for these convictions, he received three consecutive twenty-five-year sentences. His convictions and sentences were affirmed on direct appeal. See State v. Sidney Metcalf, No. 331, 1991 WL 102684 (Tenn. Crim. App. June 14, 1991). In the direct appeal opinion, this court recounted the following facts in support of the Petitioner's convictions:

The victim was an 85-year-old woman who was lying helplessly in her hospital bed as the result of a stroke. Attendants found her curled up in the fetal position, with blood smeared on her body, feces on the bed, and chewing tobacco on the floor. Suspecting rape, they summoned the police. The appellant was found with his brother, sleeping in his car in the hospital parking lot. When asked by police, he showed them his can of chewing tobacco and said he had been visiting someone in the room next to the victim's.

A nurse testified that at 1 a.m. on the night in question, she had turned the victim over, changed her and put up the bed railings. At that time, her linens were clean and no blood or fecal matter was present. She also observed two men walking the halls as though looking for a room. She identified the men as the appellant and his brother. She further testified that at about 2 a.m. she discovered the victim in a disheveled bed with the railings now lowered. There was fecal matter smeared about, tobacco juice on the floor, and the victim had a wound on her jaw. Another nurse testified that she found dried blood in the woman's rectal area.

Dr. David Buckman testified that he performed an examination of the victim after the incident in question. He found lacerations and dried blood on her mouth and vagina. He also found smeared feces on her rectal area and noted that her sphincter muscle was lax, indicating penetration of the rectum. Based on his examination, his professional opinion was that the woman had been anally, orally and vaginally assaulted.

Metcalf, 1991 WL 102684, at *1.

The Petitioner later filed a pro se petition for post-conviction relief. Following an evidentiary hearing, the post-conviction court dismissed the petition. This court affirmed the judgment, and the Petitioner's application for permission to appeal was denied. See Sidney Cleve Metcalf, No. 03C01-9212-CR-00434, 1993 WL 393407 (Tenn. Crim. App. Oct. 7, 1993), perm. app. denied, (Tenn. Feb. 28, 1994).

On September 27, 2011, the Petitioner filed the instant petition for a writ of habeas corpus in the Johnson County Criminal Court, alleging multiple, ambiguous claims for relief. The Petitioner summarized his claims for relief as follows:

The [Petitioner's] judgments and sentences are contrary and in direct contravention of the Tennessee aggravated rape statutes. Furthermore, the

-2-

indictment fails to allege all the essential elements of the crime of aggravated rape as defined by prior T.C.A. § 39-2-603, currently T.C.A. § 39-13-502.

The indictment fails to allege the essential element that, the rape occurred through the use of force or coercion with a "weapon," nor did the evidence or State prove that a weapon or any artical [sic] fashioned as a weapon was used in the commission of the unlawful sexual penetration. Nor, did the evidence or State prove the essential element that, the [Petitioner] was aided or abetted by another, as alleged in the indictment. The jury did not convict anyone, but [the Petitioner]. The co-defendant was found not guilty in a joint trial. Furthermore, the indictment is not signed by the grand jury foreman.

The State filed a motion to dismiss the petition. The State responded to the Petitioner's allegations, first, submitting that the indictment was sufficient to inform the Petitioner of the charges against him by referencing the appropriate statute, identifying the victim, providing the date of the offenses, and alleging the essential elements of the crime. The State then noted that challenges to the sufficiency of the convicting evidence and that allegations of a material variance between the indictment and proof at trial are not cognizable grounds in a habeas corpus proceeding. Finally, the State submitted that even if the Petitioner's claim that the grand jury foreman did not sign his indictment was true, he would not be entitled to habeas corpus relief.

On November 21, 2011, the court entered an order granting the State's motion and dismissing the petition. This appeal followed.

## ANALYSIS

The Petitioner has filed a lengthy and rambling appellate brief. Although much of the petition is confusing, we make out five basic allegations by the Petitioner: (1) "the Circuit Court of Greene County . . . was without jurisdiction to hear or dismiss [his] writ of habeas corpus"; (2) the indictment failed to adequately charge the offense of aggravated rape; (3) he was not charged under the correct statute; (4) there was a material variance between the indictment and the proof at trial; and (5) the grand jury foreman did not sign his indictment. Initially, the State responds that the habeas corpus petition, the motion to dismiss, and the order granting the motion to dismiss, signed by a Johnson County Criminal Court judge, were all filed in the Johnson County Criminal Court, not the Greene County Circuit Court, so this issue is without merit. Next, the State essentially repeats the arguments made in its motion to dismiss, submitting that the indictment was sufficient to inform the Petitioner of the charges against him and that the Petitioner was charged under the appropriate statute. The

State further argues that neither challenges to the sufficiency of the evidence nor allegations of a material variance between the indictment and proof at trial are claims cognizable in a habeas corpus proceeding. Finally, the State reiterates that even if it is true that the grand jury foreman did not sign the Petitioner's indictment, this claim does not entitle him to relief via a writ of habeas corpus. The Petitioner filed an equally lengthy and rambling reply brief.

As an initial matter, we must dispose of the Petitioner's argument that "the Circuit Court of Greene County at Greeneville, Tennessee, the Hon. Judge Tom Wright was without jurisdiction to hear or dismiss the [Petitioner's] writ of habeas corpus." The Petitioner is incarcerated at Northwest Correctional Complex, which is located in Mountain City, a city in Johnson County. Tennessee Code Annotated section 29-21-105 states that an application for habeas corpus relief should be filed with "the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." The State correctly notes that all pleadings and orders were filed in or disposed of by the Johnson County Criminal Court and that Johnson County is the proper county, being the county of the Petitioner's incarceration. The record does not support the Petitioner's assertion that after he filed his petition in Johnson County, the Johnson County Court Clerk "forwarded the petition" to the Greene County Circuit Court. After the Petitioner filed his petition, the State filed its response in Johnson County, and the order dismissing the petition was entered in Johnson County. The Honorable Robert Cupp, a Johnson County Criminal Court judge, not Greene County Circuit Court Judge Thomas Wright, signed the order dismissing the instant habeas corpus petition.[1] This issue is without merit.

Next, the determination of whether to grant habeas corpus relief is a question of law and our review is de novo. Summers v. State, 212 S.W.3d 251, 262 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). In this state, habeas corpus relief only addresses detentions that result from void judgments or expired sentences. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has

---

[1] The Petitioner has attached to his reply brief a Greene County order signed by Judge Wright dismissing a habeas corpus petition. We note that the order was not certified by a trial court clerk, and moreover, the order refers to a different docket number entirely. The documentation the Petitioner attaches seemingly involves a similar petition filed in the Greene County Circuit Court. In the motion to dismiss that petition, the State argued that the petition was filed in the wrong county.

expired." Hickman v. State, 153 S.W.3d 15, 20 (Tenn. 2004) (quoting State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. Taylor, 995 S.W.2d at 83. A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005). Moreover, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

On appeal, the Petitioner raises several challenges to the validity of the indictment against him. These contentions are often overlapping and redundant. First, he contends that the indictment was "an insufficient statement of aggravated rape," failing to "contain the essential element that the [Petitioner] used force or coercion to accomplish the act 'while armed with a weapon or any article used or fashioned in a manner to lead the victim reasonably to believe it to be a weapon.'" In this same vein, he argues that the State failed to prove all of the essential elements of aggravated rape and was relieved of its burden to prove the elements of the crime beyond a reasonable doubt. Next, he submits that the "statement of the offense is not made in ordinary and concise language, embodying all the requisites that go to constitute the offense of aggravated rape." As part of this claim, he contends that the indictment "referenced the wrong statute, and alleged the essential elements of prior T.C.A. § 39-2-604, the offense of rape." Once again, he bases this contention on the fact the indictment did not charge that he was armed with a weapon. In a similar challenge to the indictment, he contends that he was "convicted of a greater charge than that alleged by the elements in the indictment," which are the elements of rape, not aggravated rape. He further alleges that there was a material variance between his indictment and the proof at trial, again arguing that the State failed to charge the essential element of the use of a weapon, and adding that the jury found his co-defendant not guilty and, therefore, he could not have been aided or abetted by another.

Generally, defenses based upon indictment deficiencies must be presented prior to trial. Tenn. R. Crim. P. 12(b)(2), (f). A valid indictment is essential to prosecution, however, and may be subject to attack at any time if the content does not charge an offense or does not confer jurisdiction. Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). The functions of the indictment are to provide notice of the charge, enable entry of a proper judgment upon conviction, and protect against double jeopardy. State v. Byrd, 820 S.W.2d 739, 741 (Tenn. 1991) (citing State v. Pearce, 7 Tenn. (Peck) 65, 67 (1823); State v. Haynes, 720 S.W.2d 76, 82 (Tenn. Crim. App. 1986)).

Article I, section 14 of the Tennessee Constitution provides that "no person shall be put to answer any criminal charge but by presentment, indictment or impeachment." Tenn. Const. art. I, § 14. Article I, section 9 of the Tennessee Constitution guarantees that "in all criminal prosecutions, the accused [has] the right . . . to demand the nature and cause of the accusation against him, and have a copy thereof." Tenn. Const. art. I, § 9. Regarding the necessary content of an indictment, Tennessee Code Annotated section 40-13-202 provides as follows:

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment . . . .

Tenn. Code Ann. § 40-13-202.

Count 1 of the Petitioner's indictment provided that, on or about July 3, 1989, the Petitioner "did unlawfully have sexual penetration of [the victim], that is to say that he did penetrate her mouth with his penis, and the [Petitioner] caused personal injury to the said [the victim] or the [Petitioner] was aided or abetted by another and force was used to accomplish the act or the [Petitioner] knew or had reason to know that the said [the victim] was physically helpless, contrary to T.C.A. § 39-2-603." The remaining two counts contained the same language and provided that the Petitioner penetrated the victim's vagina and rectum with his penis.

The Petitioner committed these offenses in July 1989. At that time, the pertinent statute provided as follows:

> (a) Aggravated rape is the unlawful sexual penetration of a victim by a defendant or the unlawful sexual penetration of a defendant by a victim accompanied by any of the following circumstances:
> (1) Force or coercion is used to accomplish the act and the defendant is armed with a weapon or any article used or fashioned in a manner to lead the victim reasonably to believe it to be a weapon;
> (2) The defendant causes personal injury to the victim;
> (3) The defendant is aided or abetted by one (1) or more other persons; and
> > (A) Force or coercion is used to accomplish the act; or
> > (B) The defendant knows or has reason to know that the victim is mentally defective, mentally incapacitated, or

physically helpless; or

(4) The victim is less than thirteen (13) years of age.

Tenn. Code Ann. § 39-2-603 (1988). Although this statute was effectively repealed on November 1, 1989, the Petitioner was properly charged under the statute because his offenses were committed in July 1989. The language of the Petitioner's indictment is identical to the statutory provisions in effect at the time of the offenses, correctly tracking the elements of subsections 2 and 3 of section 39-2-603(a). As the State aptly notes, the indictment referenced the appropriate statute, identified the victim, stated the date of the offenses, and alleged the essential elements of the offenses. The Petitioner was apprised of the nature of the charges against him and protected against double jeopardy. The court of conviction had sufficient information to enter a proper judgment. See Ronald Eugene Gilmore v. Kenneth Locke, Warden, No. M2005-01235-CCA-R3-HC, 2006 WL 1097493, at *3 (Tenn. Crim. App. Mar. 30, 2006).

Additionally, the Petitioner further claims a material variance existed between the indicted offenses and his convictions. Our supreme court has held that an allegation of a material variance between the proof and the offense charged in the indictment is not one that is subject to habeas corpus relief. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000); see also Eric D. Wallace v. Stephen Dotson, Warden, No. W2006-00908-CCA-R3-HC, 2007 WL 852173, at *2 (Tenn. Crim. App. Mar. 22, 2007) (citations omitted), perm. app. denied, (Tenn. Aug. 13, 2007). Essentially, the Petitioner is arguing that the evidence was not sufficient to support his convictions because there was a material variance between the proof offered at trial and the charged offenses. Sufficiency of the evidence is not a proper basis for habeas corpus relief. Gant v. State, 507 S.W.2d 133, 136-37 (Tenn. Crim. App. 1973) (sufficiency of the evidence and witness credibility not proper subjects for habeas relief); see also Mathis T. Vaughn v. James Worthington, Warden, No. E2007-00808-CCA-R3-HC, 2008 WL 58956, at *2 (Tenn. Crim. App. Jan. 4, 2008). Moreover, this court determined on direct appeal that the evidence was sufficient to support Petitioner's convictions. See Metcalf, 1991 WL 102684, at *2. A Petitioner may not use habeas proceedings as a means to raise and relitigate issues previously ruled upon. Gant, 507 S.W.2d at 136-37.

Finally, the Petitioner contends that he is entitled to relief because the grand jury foreman did not sign his indictment. In Applewhite v. State, 597 S.W.2d 328 (Tenn. Crim. App. 1979), the defendant objected, for the first time on appeal, to the failure of the grand jury foreman to sign the indictment against him. This court held that the defendant's "failure to make a timely motion to dismiss, thereby depriving the court of the opportunity to allow the correction of the alleged deformity in the indictment, constituted a waiver of a later objection to the omission of the foreman's signature, where it appears on the record that an otherwise valid indictment, endorsed 'a true bill,' was properly returned into court." Id. at

330. Moreover, the defect complained of by the Petitioner did not deprive the trial court of jurisdiction. <u>See</u> <u>id.</u> Accordingly, the absence of a grand jury foreman's signature on an indictment is not a proper ground for habeas corpus relief. <u>See</u> <u>William Perry Thompson v. Howard Carlton, Warden</u>, No. 03C01-9611-CR-00395, 1998 WL 19932, at *2 (Tenn. Crim. App. Jan. 22, 1998), <u>perm. app. denied</u>, (Tenn. July 6, 1998); <u>Ricky S. Cotton v. State</u>, No. 03C01-9611-CR-00422, 1997 WL 800858, at *2 (Tenn. Crim. App. Dec. 23, 1997).

The Petitioner has failed to assert a claim that would entitle him to habeas corpus relief. After full consideration of the record, the briefs, and the law governing the issues presented, we conclude that there is no error in the judgment of the habeas corpus court.

## CONCLUSION

Based upon the foregoing, the order of summary dismissal is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE