IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 5, 2013

## ROBERT GUERRERO v. DWIGHT BARBEE, WARDEN

**Appeal from the Circuit Court for Lauderdale County**
**No. 6593      Joseph H. Walker, III, Judge**

_____

**No. W2012-01873-CCA-R3-HC  - Filed March 22, 2013**

_____

The Petitioner, Robert Guerrero, appeals the Lauderdale County Circuit Court's summary dismissal of his pro se petition for writ of habeas corpus. On appeal, the Petitioner alleges that his indictment was so defective as to deprive the trial court of jurisdiction because it was not signed by the grand jury foreperson and was not endorsed "A True Bill." He also alleges that the habeas corpus court erred by failing to appoint him counsel. Upon review, we affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Robert Guerrero, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; and D. Michael Dunavant, District Attorney General.

### OPINION

**Background.** In 2008, the Petitioner participated in a shooting of a vehicle carrying eleven individuals, which resulted in the death of two victims and injury to other victims. State v. Robert A. Guerrero, No. M2008-02839-CCA-R3-CD, 2011 WL 2306078, at *1-5 (Tenn. Crim. App. June 8, 2011), perm. app. denied (Tenn. Sept. 21, 2011). The jury, after hearing the proof at trial, convicted the Petitioner of two counts of first degree murder and nine counts of attempted first degree murder. Id. at *1. The trial court subsequently sentenced the Petitioner to two consecutive life sentences for the first degree murder convictions and nine fifteen-year sentences for the attempted first degree murder convictions, to be served consecutively to the life sentences, for an effective sentence of two life

sentences plus 135 years.  Id.  This court affirmed the Petitioner's convictions and sentences on appeal.  Id.

On August 13, 2012, the Petitioner filed the instant pro se petition for habeas corpus relief as well as a motion for the appointment of counsel.  In the petition, he alleged that the trial court lacked jurisdiction and authority to sentence him because his indictment was never signed by the grand jury foreperson and was never endorsed "A True Bill."  On August 23, 2012, the court entered an order summarily dismissing the habeas corpus petition, holding that the Petitioner was not entitled to habeas corpus relief because the indictment was sufficient to vest jurisdiction in the trial court.  On August 31, 2012, the Petitioner filed a timely notice of appeal.

## ANALYSIS

On appeal, the Petitioner alleges that his judgments are void because his indictment was so defective as to deprive the trial court of jurisdiction.  Specifically, he claims that his indictment was defective because it was not signed by the grand jury foreperson and was not endorsed "A True Bill."  The Petitioner also alleges that the habeas corpus court erred by failing to appoint him counsel.  He asserts that appointed counsel could have obtained the grand jury minutes associated with his indictment, which he claims would have shown that his indictment was illegal and void.  The State responds that the habeas corpus court properly dismissed the petition and that the Petitioner is not entitled to relief.  We conclude that the court's summary dismissal of the habeas corpus petition was proper.

"The determination of whether habeas corpus relief should be granted is a question of law."  Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)).  Accordingly, our review is de novo without a presumption of correctness.  Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution.  Tenn. Const. art. I, § 15; see T.C.A. §§ 29-21-101 to -130.  The grounds upon which a writ of habeas corpus may be issued, however, are very narrow.  Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999).  "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired."  Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)).  "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments."  Potts v.

State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)).  A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64).  However, as the Tennessee Supreme Court stated in Hickman v. State:

> [A] voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity.  Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee Court cannot issue the writ of habeas corpus under such circumstances.

153 S.W.3d 16, 24 (Tenn. 2004) (internal citations, quotations, and emphasis omitted); see Summers, 212 S.W.3d at 256 (citation omitted).  Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal.  Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).  If this burden is met, the Petitioner is entitled to immediate release.  State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed.  See Hickman, 153 S.W.3d at 20.  Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment or the record of the proceedings upon which the judgment is rendered to indicate that the convictions are void.  Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).  "The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed." Summers, 212 S.W.3d at 261.

"Generally, defenses and objections based on a defective indictment must be raised prior to trial or they are waived." Wyatt, 24 S.W.3d at 322-23 (citing Tenn. R. Crim. P. 12(b)(2), (f)).  However, "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." Dykes, 978 S.W.2d at 529.

Here, the Petitioner attached several pages of his indictment to his petition for writ of habeas corpus. The attached pages show that the Petitioner was charged with two counts of first degree murder, two counts of felony murder, nine counts of attempted first degree murder, and nine counts of aggravated assault. The pages also show that the indictment was returned by the Maury County Grand Jury apparently sitting at the May 2008 term. Although the attached pages bear the signature of the Attorney General for each charge, the pages do not include a designated space for the signature of the grand jury foreperson. In addition, the attached pages do not show that the indictment was endorsed "A True Bill." The only copy of the indictment in the record is the copy of the pages of the indictment submitted by the Petitioner. The record shows that the Petitioner never made a motion to dismiss his charges prior to trial on the basis of the absence of the foreperson's signature on the indictment or the fact that the indictment was not endorsed "A True Bill."

First, the Petitioner alleges that his indictment was so defective as to deprive the trial court of jurisdiction because the grand jury foreperson failed to sign his indictment. This court has consistently held that the failure of a grand jury foreperson to sign an indictment does not deprive the trial court of jurisdiction and that a Petitioner's failure to raise this issue prior to trial results in a waiver of the issue pursuant to Tennessee Rule of Criminal Procedure 12(b)(2). In Applewhite v. State, 597 S.W.2d 328, 330 (Tenn. Crim. App. 1979), this court held that "the defendant's failure to make a timely motion to dismiss, thereby depriving the court of the opportunity to allow the correction of the alleged deformity in the indictment, constituted a waiver of a later objection to the omission of the foreman's signature, where it appears on the record that an otherwise valid indictment, endorsed "A True Bill," was properly returned into court." Later, in State v. Chambless, this court held that a defendant's failure to make a motion to dismiss the indictment prior to trial based on the absence of the foreman's endorsement resulted in a waiver of the issue on appeal:

> [T]he failure of the grand jury foreman to endorse the indictment is not automatically fatal. The accused must make a timely motion to dismiss the indictment for absence of the endorsement. If the defendant goes to trial without objection, the defect is waived, and the indictment is valid.

682 S.W.2d 227, 231 n.1 (Tenn. Crim. App. 1984) (citing Applewhite, 597 S.W.2d at 330). More recently, this court has reiterated that the grand jury foreperson's failure to sign the indictment does not deprive the trial court of jurisdiction. See Sidney Cleve Metcalf v. David Sexton, Warden, No. E2011-02532-CCA-R3-HC, 2012 WL 3555311, at *6 (Tenn. Crim. App. Aug. 20, 2012), perm. app. denied (Tenn. Nov. 21, 2012) (concluding that the absence of a grand jury foreperson's signature on an indictment is not an appropriate ground for habeas corpus relief); William Perry Thompson v. Howard Carlton, No. 03C01-9611-CR-

00395, 1998 WL 19932, at *2 (Tenn. Crim. App. Jan. 22, 1998) (holding that "[t]he district attorney's or grand jury foreperson's failure to endorse or sign the indictment does not deprive the trial court of jurisdiction, and the failure to raise the issues before trial constitutes a waiver of the issue pursuant to Rule 12(b)(2)"); Jacques B. Bennett v. State, No. 03C01-9512-CR-00391, 1996 WL 492158, at *4 (Tenn. Crim. App. Aug. 28, 1996) (reiterating that the defendant's claim that the grand jury foreperson did not sign the indictment did not deprive the trial court of jurisdiction); State v. Roy Danny Mayo, No. 01C01-9308-CC-00287, 1994 WL 585420, at *2 (Tenn. Crim. App. Oct. 20, 1994) (concluding that "the failure to endorse or sign the indictment does not deprive the trial court of jurisdiction"). Accordingly, the Petitioner's claim, if true, does not deprive the trial court of jurisdiction and, therefore, does not entitle the Petitioner to habeas corpus relief. Moreover, the Petitioner has waived consideration of this issue by failing to make a motion to dismiss his charges prior to trial based on this alleged defect.

Second, the Petitioner alleges that his indictment is so defective as to deprive the trial court of jurisdiction because it was not endorsed "A True Bill." This court has previously held that a claim that the indictment was not endorsed "A True Bill" is not a proper ground for habeas corpus relief. See Gregory Hedges v. David Mills, Warden, No. W2005-01523-CCA-R3-HC, 2006 WL 211819, at *2 (Tenn. Crim. App. Jan. 26, 2006) (holding that the Petitioner's claim that five of the six counts of the indictment were not endorsed "A True Bill," even if true, did not deprive the trial court of jurisdiction, that this claim was not a proper ground for habeas corpus relief, and that the Petitioner's failure to raise this issue before trial constituted a waiver of the issue pursuant to Tennessee Rule Criminal Procedure 12(b)(2)); see also William Perry Thompson, 1998 WL 19932, at *2; Roy Danny Mayo, 1994 WL 585420, at *2. The Petitioner is not entitled to relief on this claim.

Third, the Petitioner alleges that the habeas corpus court erred in failing to appoint counsel to assist him with his habeas corpus petition. As we previously stated, a trial court may summarily dismiss a petition for writ of habeas corpus without appointing counsel and without an evidentiary hearing if there is nothing on the face of the judgment or the record of the proceedings upon which the judgment is rendered to indicate that the convictions are void. See Passarella, 891 S.W.2d at 627; Summers, 212 S.W.3d at 261. We conclude that the trial court did not err in failing to appoint counsel in this case.

The Petitioner has failed to assert a claim entitling him to habeas corpus relief. Upon review, we conclude that the habeas corpus court's summarily dismissal of the petition was proper.

**CONCLUSION**

Upon review, we affirm the summary dismissal of the habeas corpus petition.


_____

CAMILLE R. McMULLEN, JUDGE